SWANSON, Admr., Appellant,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Swanson v. Columbus* (1993), 87 Ohio App.3d 748.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1470.

Decided June 3, 1993.

*Tyack & Blackmore Co., L.P.A.,* and *Thomas.M. Tyack,* for appellant.

*Ronald J. O'Brien,* City Attorney, and *Glenn B. Redick,* Assistant City Attorney; *Michael Miller,* Franklin County Prosecuting Attorney, and *Carol Hamilton O'Brien,* Assistant Prosecuting Attorney, for appellees.

WHITESIDE, Judge.

Plaintiff, Edgar W. Swanson, Sr., administrator of the estate of Gregory Alan Swanson, appeals from a judgment of the Franklin County Court of Common Pleas, and raises a single assignment of error as follows:

"The trial court erred in granting summary judgment on the basis of sovereign immunity pursuant to 2744.01 *et seq.* in this case."

In this wrongful death action, plaintiff contends that defendants, the city of Columbus, Sharon Township, Perry Township and the Franklin County Sheriff, acting through their respective employees, negligently caused the death of plaintiff's decedent. The complaint alleges that the decedent became trapped in a partially submerged vehicle in a decorative lake off a public roadway. The complaint further alleges that defendants' employees responded to the scene, but in their attempt to extricate decedent from the lake, they broke out the rear window glass of the vehicle in which the decedent was trapped, causing an air bubble essential to the decedent's survival to be released, resulting in the decedent's death.

Motions for summary judgment were filed by all the defendants, except Columbus. The trial court sustained these motions for summary judgment, and also dismissed Columbus, presumably on the same basis. No issue is raised as to procedural error, plaintiff conceding that the immunity issue is the same for the city as for the other governmental agencies involved.

Plaintiff phrases the issue before us as "whether when governmental agencies respond to an emergency * * * subsequent negligence at the scene toward the victim that is the target of the rescue efforts can be defended on the basis of sovereign immunity." Plaintiff relies upon *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468; *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 543 N.E.2d 1188; and *Knapp v. Gurish* (1989), 44 Ohio App.3d 57, 541 N.E.2d 121, as supporting his contention that there is present here a special duty assumed by the governmental agencies giving rise to liability despite the sovereign immunity that otherwise would apply.

For the purposes of this decision, it is necessary to assume that the employees of the respective governmental agencies were negligent and that their negligence was a proximate cause of the decedent's death. The trial court found that even if that were the case, statutory sovereign immunity afforded by R.C. Chapter 2744 precludes liability on the part of the governmental agencies involved.

As noted at the outset of the opinion in *Sawicki*, that case arose prior to the enactment of R.C. Chapter 2744 with respect to governmental immunity. Rather, at the time that case arose, there was no sovereign immunity, the doctrine of sovereign immunity as a defense for municipal corporations having been abrogated by the Supreme Court. See, *e.g.*, *Longfellow v. Newark* (1985), 18 Ohio St.3d 144, 18 OBR 203, 480 N.E.2d 432. What the court stated in *Sawicki*, however, was that even though there was no blanket sovereign immunity, there nevertheless was no liability to an individual for actions not in conformity with laws imposing upon a public official a duty only to the public generally. However, the

court further noted that even though a person has no special duty to act, once a duty is undertaken voluntarily, it must be performed with ordinary care, a breach of which could give rise to liability. This rule was further explained in the third paragraph of the syllabus of *Commerce & Industry Ins. Co.* as follows:

"Under the 'special relationship' exception to the public duty rule, the assumption of an affirmative duty on a municipality's part requires that the municipality do more than adhere to its statutory duty."

That case, like *Sawicki,* arose prior to the enactment of R.C. Chapter 2744. Likewise, *Knapp* arose prior to the statutory enactment and applied the special relationship doctrine in reliance upon *Sawicki.*

Since there have been some amendments to R.C. Chapter 2744 since its enactment effective November 20, 1985, we shall consider the statute as in effect at the time of plaintiff's decedent's death on December 10, 1988. R.C. 2744.01 contains several definitions, R.C. 2744.01(A) defining "emergency call" to mean:

"a call to duty including, but not limited to, * * * personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer."

R.C. 2744.01(C)(2)(a) defines "governmental functions" and states that:

"(2) A 'governmental function' includes, but is not limited to, the following:

"(a) The provision or nonprovision of police, fire, * * * and rescue services or protection[.]"

R.C. 2744.02(A)(1) provides that:

" * * *Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

Accordingly, liability is dependent upon whether an act or omission falls within the provisions of R.C. 2744.02(B). That section provides for liability of political subdivisions under certain circumstances for negligent operation of motor vehicles, negligent performance of acts with respect to proprietary functions, and failure to maintain streets, bridges, etc., in good repair and free from nuisance. In addition, R.C. 2744.02(B)(4) provides that:

"Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses * * *."

There is no allegation that the lake in question was upon the grounds of a public building. R.C. 2744.02(B) also provides for liability when specifically imposed by statute. However, R.C. 2744.02(B)(5) states that "[l]iability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision * * *." R.C. 2744.03 sets forth certain defenses and immunities to liability of a political subdivision, even under circumstances where liability might be imposed pursuant to R.C. 2742.-02(B). Specifically applicable here is R.C. 2744.03(A)(5), which provides that:

"The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining * * * how to use[ ] equipment * * * personnel, * * * and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

Plaintiff has conceded that the action of the defendants herein falls within the definition of "governmental function" in R.C. 2744.02(A). However, plaintiff contends that the special-duty exception established by *Sawicki* precludes application of R.C. 2744.01, 2744.02 or 2744.03. We disagree, since neither *Sawicki* nor *Commerce & Industry Ins. Co.*, applied the statutory immunity but, instead, merely limited common-law liability under certain circumstances where a special duty existed. However, R.C. 2744.02(A) confers blanket immunity upon political subdivisions with respect to all governmental functions unless R.C. 2744.02(B) expressly provides that the political subdivision will be liable.

With respect to governmental functions, R.C. 2744.02(B) imposes liability upon a political subdivision only with respect to negligent operation of motor vehicles under certain circumstances, failure to keep streets, sidewalks, bridges, and public grounds open, in repair and free from nuisance, and for negligence of employees occurring in or upon the grounds of buildings used in connection with performance of a governmental function, or when liability is expressly imposed by statute. None of these is involved in this case. Rather, plaintiff alleges negligent performance of rescue operations by the political subdivisions in an effort to rescue plaintiff's decedent from an automobile submerged in water. Under such circumstances, R.C. 2744.02 provides that there is no liability of a political subdivision. Accordingly, the trial court did not err in sustaining the motion for summary judgment.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and CACIOPPO, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.