**FRANKLIN, Appellant,**

v.

**COLUMBUS, Appellee.**

[Cite as *Franklin v. Columbus* (1998), 130 Ohio App.3d 53.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE10–1358.

Decided Sept. 24, 1998.

*Webster S. Lyman,* for appellant.

*Janet E. Jackson,* City Attorney, and *Christopher R. Yates,* Assistant City Attorney, for appellee.

LAZARUS, Judge.

Plaintiff-appellant, Katherine W. Franklin, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of the defendant-appellee, city of Columbus. Because we find that the trial court improperly granted summary judgment, we reverse.

On August 19, 1996, Franklin filed a complaint in the Franklin County Court of Common Pleas seeking damages from the city as a result of the alleged negligence of the city's Division of Water in failing to terminate service to Franklin's rental property located at 279 North 22nd Street, Columbus, Ohio. In particular, Franklin, a resident of Washington, D.C., alleged that in March 1995, she notified the Division of Water that her tenant had been evicted from the property and that the water account should be placed in Franklin's name. Franklin also alleged that in June 1995, she requested the Division of Water to

turn off the water service to the rental property because it was vacant and that, unbeknownst to her until later, the Division failed to honor this request. Franklin further alleged that flooding later occurred at the property as a result of leaks and/or breaks in the water line and that the flooding caused damage to the property. In her prayer for relief, Franklin requested approximately $100,000 in compensatory damages, approximately $300,000 in punitive damages, attorney fees, and costs.

On October 3, 1996, the city filed its answer, denying the material allegations of Franklin's complaint. On May 27, 1997, the city filed a motion for summary judgment. On June 13, 1997, Franklin filed a motion to strike the city's motion for summary judgment on the basis that the motion had been filed without leave of court as required by Civ.R. 56. On July 24, 1997, the trial court denied Franklin's motion to strike. Thereafter, Franklin filed her memorandum in opposition to the city's motion for summary judgment. On August 15, 1997, the trial court granted the city's motion for summary judgment holding, *inter alia,* that Franklin failed to show that the city owed her a duty to turn off the water to her property. In particular, the trial court held that Franklin failed to establish the elements of a "special duty" as required under *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468. The trial court's decision was journalized on September 22, 1997. On October 17, 1997, Franklin appealed, raising the following four assignments of error:

1. "The trial court erred in overruling plaintiff's motion to strike defendant's motion for summary judgment."

2. "The trial court committed reversible error in granting the motion of defendant for summary judgment."

3. "The decision of the trial court was against the manifest weight of the evidence."

4. "Plaintiff was denied her constitutional rights to a fair and impartial trial."

█ In her first assignment of error, appellant argues that the Ohio Rules of Civil Procedure precluded the city from filing its motion for summary judgment without first seeking leave of court to do so. In particular, appellant notes that Civ.R. 56 states that once an "action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." In this case, the case schedule generated by the clerk of courts when appellant's complaint was filed on August 19, 1996, set a pretrial date of August 4, 1997, and a trial date of September 2, 1997. Appellant argues that since the dates for the pretrial and trial were established, appellee was not permitted to file a motion for summary judgment unless it specifically sought leave of court to do so. We disagree.

As correctly noted by the trial court in its decision denying appellant's motion to strike, a party is automatically granted leave to file a motion for summary judgment pursuant to Loc.R. 53.01 of the Court of Common Pleas of Franklin County, General Division. In particular, Loc.R. 53.01 provides that "[p]ursuant to Civ.R. 56(A), leave is hereby granted in all civil cases to file summary judgment motions between the time of filing [of the action] and the dispositive motion date, unless the Trial Judge decides otherwise by setting a different date." Thus, contrary to appellant's assertion, Loc.R. 53.01 neither "modifies" nor "abrogates" Civ.R. 56 but, rather, automatically provides a party with the leave required by Civ.R. 56 to file a summary judgment motion.

Here, the dispositive motion filing deadline was May 26, 1997, a legal holiday (Memorial Day) observed by the court and its clerk's office. Therefore, pursuant to Civ.R. 6(A), the city could, and did, timely file its motion for summary judgment on the following day (May 27, 1997), and no additional request for leave to file was necessary. Accordingly, we find that the trial court did not err in denying Franklin's motion to strike appellee's motion for summary judgment. Appellant's first assignment of error is not well taken.

Appellant's second assignment of error alleges that the trial court improperly granted appellee's motion for summary judgment. In particular, appellant contends that the trial court improperly weighed the evidence against the appellant in holding that the city did not owe her a duty to turn off the water to her property. While we agree with the appellant that the trial court improperly granted summary judgment on appellant's negligence claim, we do not believe that the trial court incorrectly weighed the evidence *per se*. Rather, we reverse the decision below because the trial court applied the incorrect legal standards governing municipal liability and, in particular, the public duty and special duty rules.

Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

"the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

Accordingly, summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936, 942–943, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65–66, 8

O.O.3d 73, 73–74, 375 N.E.2d 46, 46–48. Appellate review of summary judgment is *de novo. Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272; *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

As noted above, the trial court relied upon the public duty doctrine and its corresponding special duty exception in granting summary judgment for the city. In particular, the trial court held that since Franklin could not establish that the city owed her a special duty, she could not satisfy the duty element of a negligence cause of action. On appeal, the city defends the decision of the trial court solely on appellant's failure to establish a special duty.

 Originating in English common law, the public duty rule states that when a duty imposed by law upon a public official is owed to the public in general, the inadequate or negligent performance of that duty gives rise to only a public, as opposed to private, injury. *Sawicki, supra,* 37 Ohio St.3d 222, 525 N.E.2d 468, paragraph two of the syllabus. Violations of a public duty will not support an individual action for damages but must be redressed, if at all, through some form of public prosecution. *Id.* at 230, 525 N.E.2d at 476–477. The rule applies to uniquely governmental functions, *Bonds v. Ohio Dept. of Rehab. & Corr.* (1996), 116 Ohio App.3d 144, 158, 687 N.E.2d 300, 308–309, and unless avoided by operation of the "special duty" exception, the rule precludes a public official's general statutory or legal obligations from creating the duty element of a negligence action, see *Sawicki, supra,* 37 Ohio St.3d at 230, 525 N.E.2d at 476–477; *Hurst v. Dept. of Rehab. & Corr.* (1995), 72 Ohio St.3d 325, 650 N.E.2d 104 (negligence action based upon alleged violations of the statutes establishing the general procedures for granting parole and reporting parole violators barred by public duty rule).

██ Application of the public duty rule may be avoided, however, if a person can show that the "special duty" exception applies. A special duty is shown if (1) the government entity assumed an affirmative duty to act on behalf of the injured party through either words or promises, (2) the governmental agents possessed knowledge that inaction could lead to harm, (3) there was some form of direct contact between the agents and the injured party, and (4) the injured party justifiably relied upon the government entity's affirmative undertaking. *Sawicki, supra,* 37 Ohio St.3d 222, 525 N.E.2d 468, at the fourth paragraph of the syllabus; *Hurst, supra,* 72 Ohio St.3d at 326, 650 N.E.2d at 105–106. A plaintiff who establishes a special duty not only avoids the operation of the public duty rule but also automatically establishes the duty element of a negligence action. *Sawicki* at 230, 525 N.E.2d at 476–477.

In *Sawicki* at 232–233, 525 N.E.2d at 478–479, the Ohio Supreme Court specifically applied the public duty rule to preclude liability against a municipality in particular, a negligence claim based upon the alleged failure of a municipal police department to respond to an emergency call originating from outside the city's municipal jurisdiction. In so doing, the court rejected the plaintiff's attempt to use the special duty exception to avoid operation of the public duty rule, stating:

"[A] mere telephoned call for assistance does not sufficiently remove the caller from the class of the general population. Regardless of the police dispatcher's response, it does not represent a commitment of *particular* police resources to that individual. A special duty to protect each and every member of the public who calls for assistance is, quite simply, not any different than a police department's general statutory obligations." (Emphasis *sic.*) *Id.* at 233, 525 N.E.2d at 479.

Significantly, however, the events giving rise to the cause of action in *Sawicki* preceded the enactment of the Ohio Political Subdivision Tort Liability Act ("the Act"), R.C. 2744.01 *et seq.* (effective 11/20/85), and as specifically noted by the court, the Act's provisions were not implicated. *Sawicki* at 225, 525 N.E.2d at 472–473.

Under the Act, a three-part scheme governs the liability of a political subdivision. First, there is a general grant of immunity under which "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision." R.C. 2744.02(A)(1). This blanket grant of immunity is subject to specific enumerated exceptions under which political subdivisions are "liable in damages," see, generally, R.C. 2744.02(B), including injury, death, or loss "caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). Finally, the exceptions giving rise to liability are in turn subject to specifically enumerated defenses or immunities through which a political subdivision may establish nonliability. See R.C. 2744.03. See, generally, *Blankenship v. Enright* (1990), 67 Ohio App.3d 303, 586 N.E.2d 1176.

■ Given the all-encompassing nature of the Act, this court has consistently and repeatedly held that its passage abrogated the common-law public duty rule and its corresponding special duty exception in the context of political subdivision liability. See *Hensley v. The New Albany Co. Ohio Gen. Partnership* (Dec. 31, 1997), Franklin App. No. 97APE02–189, unreported, 1997 WL 798776; *Colling v. Franklin Cty. Children Serv.* (1993), 89 Ohio App.3d 245, 251, 624 N.E.2d 230, 234–235; *Swanson v. Columbus* (1993), 87 Ohio App.3d 748, 751, 622 N.E.2d 1181, 1183–1184; *Hedrick v. Columbus* (Mar. 30, 1993), Franklin App. No. 92AP–1030,

unreported, 1993 WL 104713. As previously noted by this court, the Act "was passed in response to the judicial abrogation of sovereign immunity in Ohio in the early 1980's *and creates its own framework for analysis of political subdivision liability.* The intent of this statute therefore abrogates the public duty/special duty theory of municipal liability." (Citations omitted; emphasis supplied). *Id.* Numerous other courts of appeals share this view. See, *e.g., H. Hafner & Sons, Inc. v. Cincinnati Metro. Sewer Dist.* (1997), 118 Ohio App.3d 792, 796, 694 N.E.2d 111, 113–114 (Hamilton County); *Sudnik v. Crimi* (1997), 117 Ohio App.3d 394, 397, 690 N.E.2d 925, 926–927 (Cuyahoga County); *Amborski v. Toledo* (1990), 67 Ohio App.3d 47, 51, 585 N.E.2d 974, 976–977 (Lucas County); *Kendle v. Summit Cty.* (Apr. 15, 1992), Summit App. No. 15268, unreported, 1992 WL 80074 (Summit County).

◼ Here, Franklin's cause of action accrued after the enactment of the Act. Therefore, the statutory provisions govern the city's liability, not the common-law public duty doctrine. Therefore, the trial court's decision granting summary judgment based upon appellant's failure to establish a special duty on the part of the city was in error. See *Hedrick, supra* (trial court's decision granting summary judgment for the city based upon the failure of the plaintiffs to show that city owed them a special duty to maintain a culvert was in error because failure to maintain a culvert was an actionable proprietary function under the provisions of the Act); *Zimmerman v. Summit Cty.,* (Jan. 15, 1997), Summit App. No. 17610, unreported, 1997 WL 22588 ("Since plaintiffs' cause of action accrued after the effective date of the immunity statute, defendant could not raise the public duty doctrine as a defense, and the trial court could not grant defendant summary judgment on that basis").

◼ We further note that even if the public duty doctrine were applicable in this case, the trial court incorrectly applied it. In essence, the trial court found that the conduct of the city fell within the public duty rule because Franklin failed to otherwise show a special duty. The logical implication of this approach is that all conduct of a city is presumed to fall within the public duty rule until and unless the plaintiff shows a special duty. But this approach turns the public duty doctrine on its head. As noted above, the special duty rule is an exception to the public duty doctrine. Thus, the obligation of a plaintiff to show a special duty is implicated only if the conduct at issue first is found to relate to a duty imposed by law that is owed to the public in general. See *Sawicki,* 37 Ohio St.3d at 232, 525 N.E.2d at 478–479 (stating that the special duty exception was not implicated if there was no initial basis to apply the public duty doctrine). Here, the trial court never found that the city's operation of a water service is an obligation imposed by law and owed to the public in general. Moreover, it is at least questionable that such a finding would have been valid had the court made

it. As noted above, the public duty doctrine applies to uniquely governmental functions of a political subdivision. *Bonds, supra,* 116 Ohio App.3d at 158, 687 N.E.2d at 308–309. Yet, under the pre-Act common law, the Ohio Supreme Court repeatedly held that the operation of a municipal water system was a proprietary function. See *Ranells v. Cleveland* (1975), 41 Ohio St.2d 1, 4, 70 O.O.2d 1, 2–3, 321 N.E.2d 885, 886–887; *Barberton v. Miksch* (1934), 128 Ohio St. 169, 171, 190 N.E. 387, 387–388. Regardless, it was improper to impose upon appellant the obligation of showing a special duty absent first finding a public duty.

Moreover, we find that the trial court's requirement that Franklin show a special duty in order to recover against the city in this case is inconsistent with the Ohio Supreme Court's recent decision in *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 679 N.E.2d 1109, a case strikingly similar to the instant appeal. In *Hill,* the plaintiff sued a municipality under a negligence theory for damages arising out of a work-site accident in which the plaintiff, an employee of a contractor hired by the city to improve sections of the city's water distribution system, was injured when the city turned the water on to the section of the water line prior to the completion of a valve installation project being performed by the plaintiff. The trial court granted summary judgment for the municipality, and the court of appeals affirmed.

The Ohio Supreme Court reversed, holding that plaintiff had established a right to recover under the Act. In particular, the court noted that pursuant to R.C. 2744.02(B)(2), a city is liable for the negligent acts of its employees with respect to proprietary functions of the city. *Id.* at 133, 679 N.E.2d at 1112. Because the operation of a water system clearly constituted a proprietary function under R.C. 2744.01(G)(2)(c) and because the city clearly acted negligently in prematurely turning on the water despite being told not to, the court concluded that *"pursuant to the statute, liability attache[d] to appellee."* (Emphasis added.) *Id.* Since plaintiff had otherwise established a right to recovery under the statute, the court specifically refused to address the issue of whether the Act abrogated an independent special duty *theory of recovery. Id.* at 132, 679 N.E.2d at 1111–1112. Finally, the *Hill* court rejected arguments that the plaintiff waived recovery under the Act by failing to plead it. *Id.* at 133–134, 679 N.E.2d at 1112–1113.

■ Similarly, appellant here has established a right to recovery under the provisions of the Act independently of any showing of a special duty and despite failing to specifically plead it. Like in *Hill,* appellant seeks recovery on a negligence theory based upon the city's failure to act as requested in connection with its operation of a water system, a proprietary function pursuant to R.C.

2744.01(G)(2)(c).[1] Moreover, appellant has created a material issue of fact as to such negligence. In opposition to the city's motion for summary judgment, appellant filed an affidavit of her attorney stating that in his capacity as her rental agent he "had personal knowledge of [appellant's] notice to the water and sewer department in June 1995 to terminate the water service" at the rental property.[2] While the city claims that it has no record that such a request actually took place, appellant has presented evidence creating a genuine issue of material fact that the city was requested to turn off the water at the rental property, and the city does not dispute that it failed to do so. As a result, appellant has created a genuine issue of fact as to the liability of the city pursuant to R.C. 2744.02(B)(2).

We also reject the city's contention raised below that Franklin is precluded from recovering as a matter of law pursuant to the comparative negligence statute, R.C. 2315.19(A)(2), which generally provides that a plaintiff is barred from recovering if his contributory negligence is greater than that of the defendant(s). The city contends that Franklin was greater than fifty percent negligent because she received water bills for water usage after she allegedly requested the termination of the water service. According to the evidence submitted below, Franklin was mailed and received an *estimated* bill for water service from June 27, 1995, through July 20, 1995, a period extending beyond the time appellant allegedly requested her water service be terminated. The evidence also shows that this bill was later cancelled when an actual water meter reading done on October 18, 1995, showed zero usage after June 27, 1995, and a new bill was issued for the period up to and including October 18, 1995. It has not been shown, however, why a customer would be surprised to receive a final water bill upon cancelling water services, especially when that bill is later cancelled upon an actual reading of the meter. Moreover, the basis for the new bill in October is not explained considering the zero usage reading. Thus, while appellant arguably was contributorily negligent by failing to follow up with the

---

1. Pursuant to R.C. 2744.01(G)(2)(c), a proprietary function includes "[t]he establishment, maintenance, and *operation* of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a *municipal corporation water supply system.*" (Emphasis added.)

2. We make no judgment as to the propriety of counsel's affidavit other than to note the language of DR 5–102, which provides:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

city upon receiving these bills, we do not find that such negligence, assuming it existed, was so extreme as a matter of law to bar recovery through summary judgment. See *Collier v. Northland Swim Club* (1987), 35 Ohio App.3d 35, 39, 518 N.E.2d 1226, 1229–1230 (contributory negligence is generally an issue of fact unless the evidence shows that the plaintiff's negligence was so extreme as a matter of law that no reasonable person could conclude that the plaintiff was entitled to recover).

For these reasons, the city was not entitled to judgment as a matter of law, and the trial court erred in granting summary judgment on appellant's negligence claim. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273 (movant has the initial burden of demonstrating that it is entitled to judgment as a matter law). The trial court did not err, however, in granting summary judgment as to Franklin's claim for punitive damages and attorney fees. See R.C. 2744.05(A) (prohibiting punitive or exemplary damages against a political subdivision); *Henry v. Akron* (1985), 27 Ohio App.3d 369, 27 OBR 465, 501 N.E.2d 659, paragraph one of the syllabus ("In the absence of statutory authorization, neither punitive damages nor attorney fees can be awarded against a municipal corporation").

Appellant's second assignment is well taken in part and not well taken in part. Because our resolution of appellant's second assignment of error is dispositive of this matter, appellant's third and fourth assignments of error are rendered moot and will not be addressed. See App.R. 12(A)(1)(c).

For the foregoing reasons, appellant's first assignment of error is overruled, her second assignment of error is sustained in part and overruled in part, and her third and fourth assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and PETREE, JJ., concur.