SWART et al., Appellants,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION et al., Appellees.

[Cite as *Swart v. Ohio Dept. of Rehab. & Corr.* (1999), 133 Ohio App.3d 420.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–903.

Decided April 27, 1999.

*Thomas R. Koustmer,* for appellants.

*Law Office of John F. Berry* and *John F. Berry; Betty D. Montgomery,* Attorney General, and *Eric A. Walker,* Assistant Attorney General, for appellee Ohio Department of Rehabilitation and Correction.

BOWMAN, Judge.

At approximately 6:30 p.m., on August 26, 1996, Timothy Swart found his seventy-year-old mother, Clara, tied to a wooden chair on the kitchen floor of her Clermont County home. Mrs. Swart's hands had been tied behind her back with an electrical cord, and she had been strangled with the shoulder strap of her handbag. Her home had been ransacked and several items had been stolen.

The subsequent criminal investigation into Mrs. Swart's murder led to the eventual apprehension and conviction of Jesse James Cowan. Cowan, who was previously incarcerated for strangling a crippled man, had been paroled for three and one-half months when he murdered Mrs. Swart. Since his parole in May 1996, Cowan had been staying at his wife's home in Amelia, Ohio. On the morning of August 26, 1996, Cowan's wife woke him shortly before she left for work. Soon thereafter, Cowan left the home and walked through a wooded area to Clara Swart's house. There, he gained entrance through an unlocked door. Once inside, Cowan found Clara Swart, assaulted her and tied her to a kitchen chair with an electrical cord. He then strangled Swart, ransacked her home and proceeded back to his wife's house, retracing his path through the woods.

On May 30, 1997, appellants David, Timothy, and Mike Swart, filed a complaint for wrongful death, alleging appellee, Ohio Department of Rehabilitation and Correction, had been negligent in the release and supervision of Jessie Cowan. On April 30, 1998, appellee filed a motion for summary judgment premised upon

the doctrines of sovereign immunity and public duty. The court granted appellee's motion on June 12, 1998, holding, in part, that the duty owed by appellee is a public duty and, because appellants could not show that appellee owed Clara Swart a special duty, that appellants could not satisfy the duty element of their negligent supervision cause of action. Appellants now appeal raising the following assignment of error:

"The trial court erred in granting defendant–appellee's motion for summary judgment."[1]

The public duty rule provides a defense independent of sovereign immunity. *Hurst v. Ohio Dept. of Rehab. & Corr.* (1995), 72 Ohio St.3d 325, 329, 650 N.E.2d 104, 107. Originating in English common law, the rule provides that, when a legal duty is owed to the public, the inadequate or negligent performance of that duty gives rise to only a public, not private, injury. *Franklin v. Columbus* (1998), 130 Ohio App.3d 53, 719 N.E.2d 592. The rule applies to uniquely governmental functions and, unless avoided by operation of the "special duty" exception, precludes the establishment of the duty element of a negligence action. *Id.*, citing *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, and *Hurst*.

Application of the public duty rule may be avoided, provided a plaintiff can show that the "special duty" exception applies. In order to establish that a special duty exists, a plaintiff must establish (1) an assumption by the defendant, through promises or actions, of an affirmative duty to act on the plaintiff's behalf, (2) knowledge on the part of the defendant or its agents that inaction could lead to harm, (3) some form of direct contact between the defendant and the plaintiff, and (4) plaintiff's justifiable reliance on defendant's affirmative undertaking. A plaintiff who establishes the existence of a special duty not only avoids the operation of the public duty rule, but also automatically establishes the duty element of a negligence cause of action. *Sawicki*, at 230, 525 N.E.2d at 476–477.

In this case, the trial court found that appellee owed a duty only to the public at large. The court then determined that appellants had failed to establish the existence of the special duty exception, thus precluding appellants' recovery. On appeal, appellants do not challenge the trial court's findings on these issues. Rather, appellants challenge the court's application of the public duty rule,

---

1. In regard to appellants' cause of action for negligent release, the trial court determined that appellee was immune from liability as a matter of law. While appellants appeal the trial court's disposition of their negligent supervision claim, they have not appealed the court's disposition of their negligent release cause of action.

arguing only that the rule does not apply when the conduct in question constitutes negligence *per se*.[2]

In *Hurst*, the Ohio Supreme Court reaffirmed the continued vitality of the public duty rule in light of its decisions in *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, and *Crawford v. Ohio Div. of Parole & Community Serv.* (1991), 57 Ohio St.3d 184, 566 N.E.2d 1233. Therein, the court described the doctrine of negligence *per se* vis a vis the public duty rule.

"We have held that '[w]here there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence *per se*.' * * *

"However, where the duty is defined 'only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence *per se* has no application.' * * * [W]here the duty prescribed by the enactment is so specific that the only determination necessary by the jury is to find but a single fact, a violation of the statute, then there is negligence *per se*. Conversely, if the jury must determine negligence from a consideration of several facts and circumstances, then negligence *per se* is inapplicable." *Hurst* at 327, 650 N.E.2d at 106, quoting *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph three of the syllabus, and *Swoboda v. Brown* (1935), 129 Ohio St. 512, 523, 2 O.O. 516, 521, 196 N.E. 274, 279.

█ Only a violation of a specific legislative enactment may support a finding of negligence *per se*. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 568, 697 N.E.2d 198, 202–203. As such, we need only address appellants' claim that appellee's alleged violation of R.C. 2967.131(A) constituted negligence *per se*.

In *Hurst*, the court analyzed the statutes dealing with parole release and supervision, and found those statutes to be unlike the statutes pertaining to furloughed prisoners both in their nature and degree. In regard to furloughed prisoners, Ohio statutory law places a specific, affirmative duty upon the state to confine furloughed prisoners during nonworking hours, the violation of which constitutes negligence *per se*. *Hurst* at 327, 650 N.E.2d at 106. Conversely, the court examined Ohio law in regard to paroled prisoners and found that "[t]he only affirmative duty imposed is to report the status of a parole violator as at-large

---

2. Specifically, appellants allege appellee's violation of R.C. 2967.131(A), Ohio Adm.Code 5120:1–1–12, and the rules and regulations of the Department of Rehabilitation and Correction, Section VI, Procedures (D)(1)(c) and (D)(2)(c), constituted negligence *per se* preventing the application of the public duty rule.

and to enter this fact into the official minutes of the Adult Parole Authority." *Hurst* at 328, 650 N.E.2d at 107.

Although R.C. 2967.131(A) was not specifically addressed in the *Hurst* opinion, the court's analysis is clearly applicable to the facts of the case at bar. As correctly recognized by appellee, R.C. 2967.131(A) does not place any specific affirmative duty upon the Department of Rehabilitation and Correction to supervise parolees in any particular or definite manner. Indeed, appellants' claim in this action is not that appellee failed to include in Cowan's conditions of parole that Cowan abide by the law, the only specific mandate of R.C. 2967.131(A), but rather, that appellee, under all of the facts and circumstances, negligently failed to supervise Cowan while he was out on parole.

■ The distinction between negligence and negligence *per se* is the means and method of ascertainment. *Chambers*, at 565, 697 N.E.2d at 201. Succinctly, if a jury is able to determine from a single issue of fact that a defendant has violated a positive and definite legislatively enacted standard of care, then the violation constitutes negligence *per se*. *Id.* On the other hand, where the jury is asked to find the violation of an enactment from a consideration and evaluation of multiple facts and circumstances, negligence *per se* is not involved. *Id.*

■ While we agree with appellants' assertion that the public duty rule does not apply when a claim is based upon negligence *per se,* we are unable to find that appellee's conduct in this instance violated any specific affirmative statutory duty. Appellants' assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.

JOHN C. YOUNG, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.