OPINION
This is an appeal from the Ohio Court of Claims. Although the facts in this case are somewhat difficult to determine from the record, it appears that, around 1992, plaintiff-appellant, Jay D. Welty, was cheated out of some money by a man named Emmitt Jackson who was working for the Continental Western Life Insurance Company ("Continental Western"). It also appears that, as a result of Jackson's conduct, appellant suffered some adverse tax consequences, employment difficulties, and business losses in a California venture.
Appellant reached some kind of settlement with Continental Western, but filed this action in the Ohio Court of Claims in 1998 against defendant-appellee, the Ohio Department of Insurance ("Department"), seeking to recover his losses and attorney fees. The Department filed a motion for judgment on the pleading, pursuant to Civ.R. 12(C), which the Court of Claims granted. From that decision and judgment, appellant takes this appeal designating the following five assignments of error:
 1. IRS has ruled on these same facts as presented to the Court of Claims but ruled for the Plaintiff-Appellant. Administrative Collateral estoppel error by the judicial in Court of Claims.
 2. Criminal damage to property by terminated agent Emmitt Jackson and non-prosecution by judicial bench warrant power(s) by the Court of Claims utilizing complaint at Cleveland police Department and Attorney-at-Law Edwin O'Day for the Plaintiff-Appellant. The IRS form 211 has also been filed for investigation of terminated agent Emmitt Jackson.
 3. Judicial error of constructing danger-creation doctrine and thus is liable in its' state action against Plaintiff-Appellant at the Court of Claims. Harm could happen at hands of an third-party. The Plaintiff-Appellant is not a Public Party in the matter. The Appellant through Civil Rights and merits deserves a Day in Court. This was denied by Court of Claims.
 4. The judiciary forcing Appellant in Court of Claims to realize an peremptory defense and/or sham defense rather than real defense and this is an error. The adverse-interest rule applies also to the defense since Vice President Robert Kobernutz of Continental Western Life Ins. is no longer with the insurance company and he terminated the agent. Also the insurance company is now not in Iowa but in North Dakota, (1-800-283-5433).
 5. The O.R.C. 3905.78 concerns rights of policyholders and Court of Claims erred in not realizing Vice President Kobernutz assessment of 2 year plus policy at $17,000.00. Rights of policyholders and manager/general agent/examiner VP. Kobernutz are restricted by the Court of Claims whereas O.R.C. 3905.78 cites these same rights are not or should not be restricted.
Appellant's five assignments of error shall be treated jointly. The standard of review for a Civ.R. 12(C) motion is well-established. As stated in State ex rel. Findlay PublishingCo. v. Hancock Cty. Bd. of Commrs. (1997), 80 Ohio St.3d 134, 136:
 In order to be entitled to dismissal under Civ.R. 12(C), it must appear beyond doubt that relator can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in relator's favor. * * *
Put another way, in order to be entitled to dismissal under Civ.R. 12(C), it must appear beyond doubt that relator can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in relator's favor. State ex rel. MidwestPride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. As the decision in Burnside v. Leimbach (1991), 71 Ohio App.3d 399,402-403, makes clear, while a Civ.R. 12(B) motion is directed at the complaint alone, a Civ.R. 12(C) motion requires consideration of all the pleadings.
Applying this standard to the assignments of error in this case, we find that the Court of Claims did not err in granting the Department's motion for judgment on the pleadings. The court noted that appellant's complaint failed to allege any specific breach of duty on the part of the Department.
The Department asserts that the Court of Claims was correct and relies on the public duty doctrine. We note here that the continued existence of that doctrine has yet to be decided, and that this court has held in Franklin v. Columbus (1998),130 Ohio App.3d 53, 56:
 Given the all-encompassing nature of the Act [R.C. Chapter 2744], this court has consistently and repeatedly held that its passage abrogated the common-law public duty rule and its corresponding special duty exception in the context of political subdivision liability. * * *
Leaving aside this question, we find that, after construing the complaint most favorably toward appellant, he has not stated any duty owed to him by the Department. The Department was under a duty to regulate insurance salesmen, including Jackson, but there is no allegation that the Department failed in that duty. Appellant appears to be claiming that the Department is a guarantor for the conduct of all persons it regulates and is liable for the defalcations of any regulated person. Clearly that is not the law. Just as clearly, after construing the pleadings most favorably toward him, one can only conclude that he cannot prove any set of facts that would entitle him to relief against the Department.
Appellant's five assignments of error are not well-taken and are overruled. The judgment of the Ohio Court of Claims is affirmed.
 __________________________ GREY, J.
BRYANT and BROWN, JJ., concur.