OPINION
Defendants-appellants, the city of Reynoldsburg ("Reynoldsburg") and Truro Township, appeal from judgments of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Deborah Ryll, administrator of the estate of Daniel Ryll.
These appeals arise out of an incident on July 4, 1996, wherein Daniel Ryll was killed by a fragment of an exploding fireworks shell at a Fourth of July fireworks display. The fireworks display was sponsored and paid for by Reynoldsburg and was held in Huber Park, which is located in and operated by Reynoldsburg. Because Reynoldsburg has no fire department, the Truro Township Fire Department provides fire protection for the city of Reynoldsburg. As a result, it fell to the Truro Township Fire Department to inspect, approve, and issue the permit for the fireworks display pursuant to R.C. 3743.54(B)(1)(c).
Following the incident in question, plaintiff filed suit against Reynoldsburg; Truro Township; the exhibitor of the fireworks show; the individual in charge of shooting the fireworks; and several fireworks manufacturers. Plaintiff eventually settled her claims against the fireworks exhibitor, shooter, and manufacturers.
Reynoldsburg and Truro Township filed motions for summary judgment arguing that they were immune from liability on several grounds. While these motions were pending, plaintiff entered into settlement agreements with Reynoldsburg and Truro Township, which were made contingent upon the resolution of Reynoldsburg's and Truro Township's motions for summary judgment. Specifically, the settlement agreement with Reynoldsburg provided that if, Reynoldsburg was ultimately found to be immune, it would pay plaintiff $100,000, but, if Reynoldsburg was ultimately found not to be immune, it would pay plaintiff the sum of $750,000. The settlement agreement with Truro Township was essentially the same except that Truro Township agreed to pay $100,000 or $600,000 depending on the final resolution of its motion for summary judgment.
The trial court concluded that neither Reynoldsburg nor Truro Township was immune and denied their motions for summary judgment. Reynoldsburg and Truro Township appealed from the trial court determinations. Since Reynoldsburg's and Truro Township's appeals involve common issues, the two cases were consolidated.
Truro Township has assigned the following six assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD THAT IN ACCORDANCE WITH THE PUBLIC DUTY DOCTRINE ANY DUTY IMPOSED UPON TRURO TOWNSHIP BY REVISED CODE § 3743.54 IS A PUBLIC DUTY, A VIOLATION OF WHICH DOES NOT GIVE RISE TO A PRIVATE CAUSE OF ACTION.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD THAT THE RECORD OF THIS CASE CONTAINS NO EVIDENCE UPON WHICH A REASONABLE JURY COULD FIND THAT THE ACTION OR INACTION OF TRURO TOWNSHIP EMPLOYEES WAS A PROBABLE CAUSE OF THE DEATH OF DANIEL RYLL.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD THAT TRURO TOWNSHIP WAS IMMUNE FROM LIABILITY PURSUANT TO OHIO REVISED CODE § 2744.02(A)(1).
 ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD THAT TRURO TOWNSHIP WAS IMMUNE FROM LIABILITY PURSUANT TO OHIO REVISED CODE § 2744.03(A)(3).
 ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD THAT TRURO TOWNSHIP WAS IMMUNE FROM LIABILITY PURSUANT TO OHIO REVISED CODE § 2744.03(A)(5).
 ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE MOTION FOR SUMMARY JUDGMENT FILED BY TRURO TOWNSHIP.
Reynoldsburg has assigned the following three assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN FAILING TO HOLD THAT A POLITICAL SUBDIVISION IS PROTECTED FROM LIABILITY BY THE RECREATIONAL USERS STATUTE, R.C. 1533.181, WHERE, AS HERE, THE POLITICAL SUBDIVISION SPONSORS AN INDEPENDENCE DAY FIREWORKS DISPLAY IN ONE OF ITS PUBLIC PARKS AND DURING THE DISPLAY A FIREWORK EXPLODES RESULTING IN INJURY TO A VISITOR TO THE PARK.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN FAILING TO HOLD THAT A POLITICAL SUBDIVISION IS IMMUNE PURSUANT TO THE SOVEREIGN IMMUNITY STATUTE, R.C. 2744.01 ET SEQ., WHERE, AS HERE, THE POLITICAL SUBDIVISION SPONSORS AN INDEPENDENCE DAY FIREWORKS DISPLAY [IN] ONE OF ITS PUBLIC PARKS AND DURING THE DISPLAY A FIREWORK EXPLODES RESULTING IN INJURY TO A VISITOR TO THE PARK.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLANT CITY OF REYNOLDSBURG.
Preliminary, there is a question of whether this court has jurisdiction to hear these appeals. All parties have filed memoranda in support of jurisdiction; however, the parties may not create jurisdiction by agreement. This court's appellate jurisdiction is limited by both statute and the Ohio Constitution to appeals from "final orders." For the reasons that follow, we find that the orders appealed from are final orders and that we have jurisdiction to review them.
Ordinarily, the denial of a motion for summary judgment is not a final appealable order, but there is nothing intrinsically non-appealable about such a denial. Rather, a denial of summary judgment is usually not appealable because it does not end the case where the issues of liability or damages still have to be decided. As such, it does not comply with R.C.2505.02, which requires that an action be determined.
In this case, all issues have been determined in the trial court. The issues of immunity have been determined by the trial court as a matter of law. The issues of liability have been determined by the agreement of Reynoldsburg and Truro Township to pay damages. The extent of damages has been determined, in the classical sense of the word, meaning that the end or ends have been established. The "high-low" settlement agreements do involve a question of over a million dollars, but this fact does not make the settlements indefinite. A contract, by analogy, must be definite in its terms, but the Uniform Commercial Code allows parties to make contracts on open price terms as long as there is reference to an ascertainable standard. Therefore, the amounts of damages in this case are definite and determined.
It is important to emphasize here that a court of appeals should not, indeed cannot, give advisory opinions on matters that have not been fully litigated in the trial court. It is just as important, however, to emphasize that, from the Supreme Court on down, Ohio courts have encouraged settlement of cases. Where the parties to an action reach a settlement agreement in the trial court which determines all issues before the trial court, but reserves the right of appeal on one or more of those determined issues, it is still a final appealable order.
We therefore find that the order appealed from in this case is a final appealable order and that we have jurisdiction to hear this appeal.
We now turn to the merits of these appeals which arise out of the trial court's denials of summary judgment pursuant to Civ.R. 56. Civ.R. 56(C) provides the procedure for summary judgment, in pertinent part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Summary judgment is appropriate when the following has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; cf., also, State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Additionally, a motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment de novo; that is, independently and without deference to the trial court's determination. Koos v. Central Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579; Midwest Specialties, Inc. v.Firestone Co. (1988), 42 Ohio App.3d 6.
In its first assignment of error, Truro Township asserts that the trial court erred in failing to hold that the public duty rule shields it from liability. In Franklin v. Columbus (1998),130 Ohio App.3d 53, 59, this court held:
 Given the all-encompassing nature of [R.C. Chapter 2744,] the [Political Subdivision Tort Liability] Act, this court has consistently and repeatedly held that its passage abrogated the common-law public duty rule and its corresponding special duty exception in the context of political subdivision liability. * * *
Truro Township's first assignment of error is overruled.
In its second assignment of error, Truro Township asserts that the trial court erred when it failed to hold that the record in this case contains no evidence upon which a reasonable jury could find that the action or inaction of Truro Township employees was a probable cause of the death of Daniel Ryll.
The trial court held that there was an unresolved issue of fact, specifically the layout and location of the fireworks display. Appellees, below, asserted that, in inspecting and approving the fireworks, the Truro Township Fire Department failed to comply with the regulations and failed to meet ordinary standards of care. Appellees offered, for example, the affidavit of a fireworks expert, Lawrence T. Weinman, who said that the distance for viewing should have been at eight hundred forty feet. On summary judgment, the trial court must construe the evidence, together with all reasonable inferences drawn therefrom, most favorably toward the party against whom the motion is made. From the evidence here, one might infer that the fire chief was remiss in his inspection. This question, among others, created a genuine issue of fact. Accordingly, we find the trial court did not err in denying summary judgment on this ground.
Truro Township's second assignment of error is overruled.
Truro Township's third, fourth and fifth assignments of error are all related to claims of immunity under R.C. Chapter 2744 and shall be treated jointly.
"R.C. Chapter 2744, the Political Subdivision Tort Liability Act, was enacted in response to the judicial abolishment of the doctrine of sovereign immunity. R.C. 2744.02(A)(1) provides that a political subdivision is generally not liable for damages for injury, death, or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of the political subdivision. R.C.2744.02(B) lists several exceptions to the general grant of sovereign immunity." Franks v. Lopez (1994), Thus, once immunity has been established under R.C. 2744.02 (A)(1), it must be determined whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply. Cater v. City of Cleveland
(1998), 83 Ohio St.3d 24, 28. Finally, even if one of the R.C.2744.02(B) exceptions applies, immunity will be reinstated if the political subdivision can establish that one of the defenses contained in R.C. 2744.03 applies. Id.
In its third assignment of error, Truro Township asserts that it is immune for its conduct related to the fireworks display pursuant to R.C. 2744.02(A)(1). R.C. 2744.02 (A)(1) provides:
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. [Emphasis added.]
The concept of a "governmental function" is defined in R.C.2744.01(C) as follows:
 (C)(1) "Governmental function" means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 (b) A function that is for the common good of all citizens of the state;
 (c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.
 (2) A "governmental function" includes, but is not limited to, the following:
 (a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection[.] [Emphasis added.]
R.C. 3743.54(C) sets out the duties of a fire chief for inspecting and issuing permits for fireworks displays as follows:
 Before signing a permit and issuing it to a licensed exhibitor of fireworks, a fire chief or fire prevention officer and the police chief shall inspect the premises on which the exhibition will take place and shall determine that, in fact, the applicant for the permit is a licensed exhibitor of fireworks. Each applicant shall show the applicant's license as an exhibitor of fireworks to the fire chief or fire prevention officer and the police chief.
 The fire chief or fire prevention officer and the police chief shall give approval to conduct a public fireworks exhibition only if satisfied, based on the inspection, that the premises on which the exhibition will be conducted allow the exhibitor to comply with the rules adopted by the fire marshal pursuant to division (B) of section 3743.53 of the Revised Code and that the applicant is, in fact, a licensed exhibitor of fireworks. The fire chief or fire prevention officer and the police chief may inspect the premises immediately prior to the exhibition to determine if the exhibitor has complied with the rules, and may revoke a permit for noncompliance with the rules.
Applying the above statutory definitions to the facts in this case, it is clear that the inspection of the fireworks display done by the Truro Township Fire Department can only be characterized as a governmental function. Accordingly, the immunity provided by R.C. 2744.02(A)(1) applies to Truro Township absent any of the exceptions found in R.C. 2744.02(B).
Plaintiffs assert that R.C. 2744.02(B)(3), the nuisance exception, applies to Truro Township's conduct in approving the fireworks display. R.C. 2744.02(B)(3) provides in relevant part:
 (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
* * *
 (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivision open, in repair, and free from nuisance
* * *. [Emphasis added.]
Even if we accept plaintiff's position that the fireworks display in question constituted a nuisance, and that the Truro Township Fire Department's conduct in allowing the display to go forward was negligent, Truro Township's conduct does not fall within the immunity exception contained in R.C.2744.02(B)(3). By its express language, R.C. 2744.02(B)(3) only applies where a political subdivision negligently fails to keep public property "within the political subdivision" free from nuisance. Here, it is undisputed that Huber Park is located within Reynoldsburg, rather than Truro Township. Accordingly, R.C. 2744.02(B)(3) does not apply to Truro Township's conduct in connection with the firework's display in question. Further, none of the other exceptions contained in R.C. 2744.02(B) apply to Truro Township's conduct either.
Truro Township's fourth and fifth assignments of error assert that, if the R.C. 2744.02(B)(3)'s immunity exception applies to the township's conduct in connection with the firework's display, Truro Township is nonetheless immune pursuant to the defenses contained in R.C. 2744.03(A)(3) and 2744.03(A)(5), respectively. Because we have determined that none of the immunity exceptions contained in R.C. 2744.02(B) apply and that Truro Township is immune from liability under R.C. 2744.02(A)(1), the defenses to the liability exceptions set forth in R.C.2744.03(A)(3) and 2744.03(A)(5) are not relevant. Staccia v. Cityof Columbus (Dec. 22, 1994), Franklin App. No. 94APE04-539, unreported.
Truro Township's third assignment of error is sustained, and its fourth and fifth assignments of error are overruled.
In its sixth assignment of error, Truro Township asserts that the trial court erred in denying its motion for summary judgment for the reasons set forth in its first through fifth assignments of error. Accordingly, we sustain Truro Township's sixth assignment of error to the extent indicated in our discussion of the township's third assignment of error.
Reynoldsburg's first assignment of error asserts that the trial court erred in concluding that R.C. 1533.181 did not provide it with immunity from liability for decedent's death. R.C. 1533.181 provides as follows:
(A) No owner, lessee, or occupant of premises:
 (1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 (2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 (3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
 (B) Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals.
R.C. 1533.18(A) defines "premises" for purposes of R.C.1533.181 as "all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon." Despite this definition which would seem to limit the applicability of R.C. 1533.181 to privately-owned land and state-owned land leased to non-governmental entities, the Ohio Supreme Court has made it very clear that R.C. 1533.181 applies to property which is owned and operated by the state or a political subdivision. LiCause v. Canton (1989), 42 Ohio St.3d 109, syllabus; Johnson v. New London (1988), 36 Ohio St.3d 60, syllabus.
Further, plaintiff's decedent was a "recreational user" of Huber Park when he was killed by the exploding fireworks shell. R.C. 1533.18(B) defines a "recreational user" as "a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." At the time of his death, plaintiff's decedent was in Huber Park at Reynoldsburg's invitation to watch a fireworks display. One who is watching a fireworks display is a "recreational user." Trinav. City of Warren (June 30, 1994), Trumbull App. No. 93-T-4025, unreported.
However, plaintiff argues that Reynoldsburg is not immune pursuant to R.C. 1533.181, as R.C. 1533.181 only provides immunity in cases where the injury is caused by the failure to keep the land or appurtenances thereto safe, and that the act of negligently hosting a Fourth of July fireworks display did not relate to the safety of the land.
In Ross v. Strasser (1966), 116 Ohio App.3d 662, the Second District Court of Appeals determined that R.C. 1533.181
shielded the owner of a parking lot for injuries incurred by the plaintiff while trying out a pair of in-line skates at a free in-line skating demonstration. The court so held despite the fact that the plaintiff's injuries were not caused by any defect or unsafe condition on the parking lot itself, but by a collision with another skater.
Ross indicates that R.C. 1533.181 provides owners, lessees, and occupants of property with immunity for all injuries incurred by "recreational users." Accordingly, we hold that Reynoldsburg is entitled to immunity for decedent's death under R.C. 1533.181.
Reynoldsburg's first assignment of error is sustained.
In its second assignment of error, Reynoldsburg asserts that the trial court erred in failing to conclude that it is immune from liability for decedent's death pursuant to R.C. Chapter 2744. This assignment of error has been rendered moot by our resolution of Reynoldsburg's first assignment of error. Accordingly, we decline to address it. App.R. 12(A)(1)(c).
In its third assignment of error, Reynoldsburg asserts that the trial court erred in denying its motion for summary judgment for the reasons set forth in its first and second assignments of error. Accordingly, we sustain Reynoldsburg's third assignment of error to the extent indicated in our discussion of its first assignment of error.
Truro Township's first, second, fourth and fifth assignments of error and Reynoldsburg's second assignment of error are overruled. Truro Township's third and sixth assignments of error, and Reynoldsburg's first and third assignments of error are sustained, and the judgments of the trial court are reversed, and this matter is remanded for further proceedings consistent herewith.
PETREE, J., concurs.
LAZARUS, J., concurs in judgment only.
GREY, J., retired, of the Fourth Appellate District, assigned to active under authority of Section 6(C), Article IV, Ohio Constitution.