PERKINS ET AL., APPELLANTS, *v.* NORWOOD CITY SCHOOLS, APPELLEE.

[Cite as *Perkins v. Norwood City Schools* (1999), 85 Ohio St.3d 191.]

(No. 98–570—Submitted January 13, 1999—Decided April 7, 1999.)

*White, Getgey & Meyer Co., L.P.A.,* and *Patricia C. Wason,* for appellants.
*Law Offices of Timothy M. Ruttle* and *Christine D. Tailer,* for appellee.

---

MOYER, C.J.  The issue presented by this appeal is whether Norwood City Schools is immune from liability under R.C. 2744.03(A)(5).  Appellee asserts that it is entitled to immunity from appellants' suit pursuant to R.C. 2744.01 *et seq.,* which set forth the provisions regarding tort liability for political subdivisions. No one disputes that the Norwood City Schools is a political subdivision.  See R.C. 2744.01(F) and 2744.01(C)(2)(c).

R.C. 2744.02(A)(1) generally provides political subdivisions with immunity from personal injury claims subject to statutory exception.  It provides, in part:

"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

R.C. 2744.02(B) designates several circumstances in which a political subdivision may be liable for injuries caused by an act or omission of the political subdivision or its employees.

Appellants argue that appellee is liable for Mark's injuries pursuant to former R.C. 2744.02(B)(4), as it read on the date of the injury, which creates liability in a political subdivision "for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *."

Appellants assert that Mark's injuries were the result of the negligence of the school's employees within, or on the grounds of, the school building.  Therefore,

appellants contend that appellee is not entitled to immunity from liability for Mark's injuries.

The school district asserts that it is immune from liability pursuant to R.C. 2744.03, which creates several exceptions to the liability conferred upon political subdivisions in former R.C. 2744.02(B)(4). Appellee argues that it is entitled to immunity from suit for Mark's injuries pursuant to R.C. 2744.03(A)(5). This subsection provides:

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property *resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources* * * *." (Emphasis added.)

This section of the Revised Code dictates that political subdivisions are not liable for injuries resulting from the exercise of judgment or discretion in determining how to use personnel and resources. *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 347–348, 632 N.E.2d 502, 504. In *Franks,* this court held that decisions regarding road construction and the placement of signage are the types of discretionary decisions within the scope of R.C. 2744.03(A)(5). *Id.* at 348–349, 632 N.E.2d at 505. However, the court went on to say that malfunctioning traffic signals, signs which have lost their ability to reflect, and physical defects such as potholes are easily discoverable, and the elimination of such hazards does not involve a high degree of judgment or discretion. *Id.* at 349, 632 N.E.2d at 505.

Appellee contends that the principal's decision to use the school's own janitorial staff to repair the leaking drinking fountain is an exercise of judgment or discretion in determining how to use personnel and resources, thus precluding the school district from liability for Mark's injuries. Appellants argue that the decision regarding the repair of a leaking drinking fountain is not a decision requiring the level of judgment or discretion contemplated in R.C. 2744.03(A)(5). Instead, appellants argue that Mark's injuries·were the result of a negligent maintenance decision requiring little judgment or discretion. The issue is whether the principal's decision to use the school's own janitorial services in an attempt to repair the drinking fountain prior to calling a professional plumbing service is the type of decision involving the exercise of judgment or discretion contemplated in R.C. 2744.03(A)(5).

We conclude from the record and the standard created by earlier decisions of this court that the decision of whom to employ to repair a leaking drinking fountain. is not the type of decision involving the exercise of judgment or discretion contemplated in R.C. 2744.03(A)(5). Such a decision, under the facts of this case, is a routine maintenance decision requiring little judgment or discretion. We therefore hold that appellee is not entitled to immunity from liability pursuant to R.C. 2744.03(A)(5).

The judgment of the court of appeals is, therefore, reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur separately.

DOUGLAS, J., concurs in judgment.

---

**COOK, J., concurring.** I concur with the majority that a decision about repairing a leaking drinking fountain is not the type of discretion immunized by R.C. 2744.03(A)(5), because "[i]mmunity attaches only to the broad type of discretion involving public policy made with 'the creative exercise of political judgment.'" *McVey v. Cincinnati* (1995), 109 Ohio App.3d 159, 163, 671 N.E.2d 1288, 1290, quoting *Bolding v. Dublin Local School Dist.* (June 15, 1995), Franklin App. No. 94APE09–1307, unreported, at 7, 1995 WL 360227.

LUNDBERG STRATTON, J., concurs in the foregoing concurring opinion.