[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 191.]

PERKINS ET AL., APPELLANTS, *v.* NORWOOD CITY SCHOOLS, APPELLEE.

[Cite as *Perkins v. Norwood City Schools*, 1999-Ohio-261.]

*Torts—Negligence—Applicability of R.C. 2744.03(A)(5) to middle school where student slips and falls on wet floor caused by leaking drinking fountain.*

(No. 98-570—Submitted January 13, 1999—Decided April 7, 1999.)

APPEAL from the Court of Appeals for Hamilton County, No C-970015.

———————————

{¶ 1} This case arises from an injury that Mark C. Perkins, a minor, suffered when he slipped and fell in a hallway at Norwood Middle School on November 8, 1994. On this date, Mark was using crutches to assist him in walking as a result of a knee injury he had suffered while walking home ten days earlier.

{¶ 2} The November 8, 1994 incident occurred between the fifth and sixth periods of the school day. The record indicates that Mark left his fifth period class a few minutes early in order to avoid the usual rush of students between classes. While Mark was still negotiating his way to his next class, the school bell sounded, indicating the end of the fifth period. At this moment, the other students in the building exited their classrooms, spilling out into the hallway in which Mark was still making his way to class.

{¶ 3} While Mark was attempting to make his way through the crowded hallway, he proceeded past a drinking fountain. Mark recalled that the drinking fountain had been leaking and that a small puddle of water had formed underneath the fountain. As Mark negotiated his way past the drinking fountain, one of his crutches slid out from under him, and Mark fell, injuring his knee.

{¶ 4} The principal of Norwood Middle School was aware that the drinking fountain had been leaking and had used the school's own janitorial services to repair it. Prior to Mark's fall, the janitorial workers had inspected the sewer lines and run

"snakes" through them in an attempt to clear the drain in the drinking fountain. Despite these repair efforts, the drain remained clogged, and the drinking fountain continued to leak water onto the floor.

{¶ 5} The principal had instructed the janitorial workers to place "Wet Floor" signs around the drinking fountain and to periodically mop up the water on the floor around the drinking fountain. At some point after Mark's fall, the principal contracted for a commercial plumbing company to repair the drainage system. The company found that a pair of blue jeans had clogged the main sewer line running between the school and the street, thus causing the drain in the drinking fountain to back up and overflow onto the floor.

{¶ 6} Following Mark's accident at the school, appellants, Donna and Tim Perkins, individually as the parents and natural guardians of Mark Perkins, filed suit in the Court of Common Pleas of Hamilton County against appellee, Norwood City Schools, alleging that Mark's injuries occurred as a result of the school's negligence. Appellee filed a motion for summary judgment based on immunity under R.C. 2744.03(A)(5). The trial court granted appellee's motion, finding that the city schools are entitled to immunity pursuant to R.C. 2744.03(A)(5). Appellants filed a timely notice of appeal, and the Hamilton County Court of Appeals affirmed the trial court's granting of appellee's motion for summary judgment.

{¶ 7} The cause is now before this court upon the allowance of a discretionary appeal.

———————————————

*White, Getgey & Meyer Co., L.P.A.*, and *Patricia C. Wason*, for appellants.
*Law Offices of Timothy M. Ruttle* and *Christine D. Tailer*, for appellee.

———————————————

**MOYER, C.J.**

**{¶ 8}** The issue presented by this appeal is whether Norwood City Schools is immune from liability under R.C. 2744.03(A)(5). Appellee asserts that it is entitled to immunity from appellants' suit pursuant to R.C. 2744.01 *et seq.*, which set forth the provisions regarding tort liability for political subdivisions. No one disputes that the Norwood City Schools is a political subdivision. See R.C. 2744.01(F) and 2744.01(C)(2)(c).

**{¶ 9}** R.C. 2744.02(A)(1) generally provides political subdivisions with immunity from personal injury claims subject to statutory exception. It provides, in part:

"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

**{¶ 10}** R.C. 2744.02(B) designates several circumstances in which a political subdivision may be liable for injuries caused by an act or omission of the political subdivision or its employees.

**{¶ 11}** Appellants argue that appellee is liable for Mark's injuries pursuant to former R.C. 2744.02(B)(4), as it read on the date of the injury, which creates liability in a political subdivision "for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *."

**{¶ 12}** Appellants assert that Mark's injuries were the result of the negligence of the school's employees within, or on the grounds of, the school building. Therefore, appellants contend that appellee is not entitled to immunity from liability for Mark's injuries.

**{¶ 13}** The school district asserts that it is immune from liability pursuant to R.C. 2744.03, which creates several exceptions to the liability conferred upon political subdivisions in former R.C. 2744.02(B)(4). Appellee argues that it is entitled to immunity from suit for Mark's injuries pursuant to R.C. 2744.03(A)(5). This subsection provides:

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property *resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources  * * *.*" (Emphasis added.)

**{¶ 14}** This section of the Revised Code dictates that political subdivisions are not liable for injuries resulting from the exercise of judgment or discretion in determining how to use personnel and resources. *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 347-348, 632 N.E.2d 502, 504. In *Franks*, this court held that decisions regarding road construction and the placement of signage are the types of discretionary decisions within the scope of R.C. 2744.03(A)(5). *Id.* at 348-349, 632 N.E.2d at 505. However, the court went on to say that malfunctioning traffic signals, signs which have lost their ability to reflect, and physical defects such as potholes are easily discoverable, and the elimination of such hazards does not involve a high degree of judgment or discretion. *Id.* at 349, 632 N.E.2d at 505.

**{¶ 15}** Appellee contends that the principal's decision to use the school's own janitorial staff to repair the leaking drinking fountain is an exercise of judgment or discretion in determining how to use personnel and resources, thus precluding the school district from liability for Mark's injuries. Appellants argue that the decision regarding the repair of a leaking drinking fountain is not a decision requiring the level of judgment or discretion contemplated in R.C. 2744.03(A)(5). Instead, appellants argue that Mark's injuries were the result of a negligent maintenance decision requiring little judgment or discretion. The issue is whether the principal's decision to use the school's own janitorial services in an attempt to

repair the drinking fountain prior to calling a professional plumbing service is the type of decision involving the exercise of judgment or discretion contemplated in R.C. 2744.03(A)(5).

{¶ 16} We conclude from the record and the standard created by earlier decisions of this court that the decision of whom to employ to repair a leaking drinking fountain is not the type of decision involving the exercise of judgment or discretion contemplated in R.C. 2744.03(A)(5). Such a decision, under the facts of this case, is a routine maintenance decision requiring little judgment or discretion. We therefore hold that appellee is not entitled to immunity from liability pursuant to R.C. 2744.03(A)(5).

{¶ 17} The judgment of the court of appeals is, therefore, reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded*.

RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur separately.

DOUGLAS, J., concurs in judgment.

––––––––––––––––

**COOK, J., concurring.**

{¶ 18} I concur with the majority that a decision about repairing a leaking drinking fountain is not the type of discretion immunized by R.C. 2744.03(A)(5), because "[i]mmunity attaches only to the broad type of discretion involving public policy made with 'the creative exercise of political judgment.' " *McVey v. Cincinnati* (1995), 109 Ohio App.3d 159, 163, 671 N.E.2d 1288, 1290, quoting *Bolding v. Dublin Local School Dist.* (June 15, 1995), Franklin App. No. 94APE09-1307, unreported, at 7, 1995 WL 360227.

LUNDBERG STRATTON, J., concurs in the foregoing concurring opinion.

_____