OPINION
Plaintiffs Timothy and Sandra Himebaugh, individually and as parents and natural guardians of Amanda Himebaugh, a minor appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Plain Local School District and Dinah Peddicord. Appellants assign two errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY UPHOLDING SUMMARY JUDGEMENT IN FAVOR OF DEFENDANT PLAIN LOCAL SCHOOL DISTRICT.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY UP HOLDING SUMMARY JUDGMENT IN FAVOR DEFENDANT DINAH PEDDICORD.
Appellants' statement pursuant to Loc. App. R. 9(A) asserts the summary judgment was inappropriate both as a matter of law and also inappropriate because there are genuine issues of material fact. The parties agree on March 2, 1998, Amanda Himebaugh was a nine year old fourth grade student at Plain Center Elementary School. During the after-lunch recess, while the children were playing on the playground, defendant Jonathan Hartman, who is not a party to this appeal, threw a rock, striking Amanda Himebaugh in the head and causing her permanent injuries. Jonathan Hartman had been diagnosed with attention deficient disorder, and the school was supposed to give him medication for this condition at 12:00 noon. School records indicate the school failed to give Jonathan his medication on the day in question. Because of his disability, Jonathan was a discipline problem who needed close supervision, and he associated with a group of boys who also had to be constantly watched. Appellee Plain Local employed three non-instructional aides to supervise the students during the after-lunch recess period. Appellee Peddicord was one of those aides. On the day in issue, Peddicord observed Jonathan playing with the rock that injured Amanda for some period of time prior to the incident. Peddicord's deposition reflects she recognized the rock a as potential hazard, and was afraid Jonathan could hurt someone with the rock. Appellee Peddicord observed Hartman throw or kick the rock at a balance beam near other children. Peddicord knew Hartman had injured other children in the past. Appellee Peddicord told Jonathan at least twice to put the rock down because she feared he was going to hurt someone. Appellee Peddicord testified she did not take the rock away from the child because she did not want to carry it around. When told to put the rock down, Jonathan put the rock down, but picked it back up. At that point, appellee Peddicord's attention was drawn to another child, and Jonathan threw the rock, striking Amanda. Jonathan's deposition reflects he intended to throw the rock when he picked it up the first time. Jonathan knew he was not supposed to throw rocks, and testified although on other occasions on the playground monitors had taken rocks or sticks away from children, appellee Peddicord never requested he give the rock to her. At some time prior to this incident, Plain Local had placed rocks in a drainage ditch adjacent to the playground area to correct an erosion problem. The rock which struck Amanda was of the same size and type as the rock which Plain Local brought to the premises to correct the drainage ditch problem. During the 1997-1998 academic year, the school had adopted playground rules, including a no-throwing rule. The children and the playground monitors were notified of the rules at the beginning of the school year. According to the discipline plan, if the school staff observes a student throwing an object, the staff person is required issue a discipline slip and a verbal warning is not considered sufficient. The principal testified the playground monitors have no discretion with respect to hazards, and must report the hazard or take action on it themselves if they are able. The school also employs a custodian who performs a routine check of playground equipment and grounds on a daily basis to make sure it was safe for the children. The head custodian, Stephen Hickman, testified he patrolled the grounds of the school picking up any debris or substances which could be a hazard. Hickman testified he most definitely would have picked up the rock, considering it a hazard. On the day in question, unfortunately, Hickman was absent and a substitute custodian was present. The substitute custodian testified he was never told he was supposed to take care of the playground area or inspect it before the children used it. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Appellant's third amended complaint contained five counts. Count one sounds in negligence against Jonathan Hartman, and is not before us at this time. Count two alleges the employees of Plain Local were negligent in failing to exercise ordinary care in implementing and carrying out the policies of the school district, including remedying physical defects on the school playground. Appellant alleged the rock Hartman found on the school ground constituted a physical defect, and Plain negligently maintained the grounds and created the existence of the physical defect by dumping rocks near the playground. Count three alleged Peddicord was reckless because she had notice of Hartman's propensity to engage in conduct which presented an unreasonable risk of harm to other students, and she observed Hartman with the rock for a sufficient time but failed to take action. Count four alleged Peddicord was negligent in failing to exercise ordinary care in carrying out the policy of the school which required her to take the rock away from Jonathan or remove it from the playground. Count five was a claim by Amanda's parents for their damages. The trial court held the rock did not constitute a physical defect in the school's playground and the court also found as a matter of law Peddicord did not act recklessly. The court concluded Plain Local and Peddicord were protected by the principles of sovereign immunity. The court found even in the absence of sovereign immunity, it was not foreseeable to Peddicord that Jonathan would throw the rock. Plain Local raised the defense of sovereign immunity on behalf of itself and its employee. R.C. Chapter 2744 governs the tort liability of political subdivisions. The school district is a political subdivision pursuant to R.C. 2744.01. As the trial court correctly noted in its March 8, 1999, judgment entry, the general rule is that political subdivisions are not liable in damages in a civil action for injury, death, or lost personal property, allegedly caused by an act or omission of the political subdivision in connection with a governmental or proprietary function. However, R.C. 2744.02 sets forth five exceptions to the general rule of non-liability. At the time this matter was before the trial court, the parties and the court addressed the immunity issue pursuant to House Bill 350. House Bill 350 amended R.C. 2744.02(B)(4). House Bill 350 provided in pertinent part: (4) except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouse, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
In State ex rel. Ohio Academy of Trial Lawyers v. Scheward (1999),86 Ohio St.3d 451, the Ohio Supreme Court held House Bill 350 is unconstitutional in toto. For this reason, we address this issue according to the version of R.C. 2744.02 that pre-dated House Bill 350. The prior statute is identical to the language quoted supra, except that House Bill 350 added the phrase "and is due to physical defects within or on the grounds". This renders moot the issue of whether this rock constituted a physical defect in the school grounds. Because the trial court addressed the other issues in the case, and because we stand in the shoes of the trial court for purposes of summary judgment, we can review this action. R.C.2744.03 provides for immunity for a political subdivision even if R.C. 2744.02 exceptions apply. R.C. 2744.03 provides in pertinent part: (3) the political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
(5) the political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
Appellants urge reasonable minds could differ regarding whether Plain's failure to remove the rock was the type of judgment or discretion contemplated within the immunity statute supra. The depositions of Principal Smith and Custodian Hickman demonstrate Plain had formulated maintenance policies and procedures, which in this case, it did not follow. Appellant cites us to Perkins v. Norwood City Schools (1999), 85 Ohio St.3d 191, wherein the Supreme Court reviewed a case of a student who slipped on a wet floor near a leaking drinking fountain. The principal had directed the school's janitorial services to repair the leaking drinking fountain, but they were unable to do so. After the student fell, the principal contacted a commercial plumbing company to do the repairs. The Supreme Court found the decision of whom to employ to repair the leaking drinking fountain is not the type of decision involving the exercise of judgment or discretion, as contemplated in the Revised Code. Instead the decision is a routine maintenance decision requiring little judgment or discretion, Perkins at 193. In her concurrence, Justice Cook agrees a decision about how to repair a leaky drinking fountain is not the type of discretion immunized by the Revised Code because immunity attaches only to the a broad type of discretion involving public policy made with the creative exercise of political judgment, Perkins, at 194, citations deleted. As appellants point out, here, the school had a definite set of rules governing what to do about potential hazards on the playground, and how to deal with conduct like Jonathan's. While the school employees may have a certain level of discretion in how to operate within the rules, the employees do not have discretion to ignore the rules. Finally, the trial court found the injury to Amanda was not foreseeable because there was no evidence that Jonathan frequently antagonized Amanda, or had thrown rocks before this incident. In her deposition Peddicord testified she had not seen any students throw any rocks, only pebbles or gravel. Nevertheless, there is evidence in the record that Jonathan had thrown and/or kicked this particular rock earlier. Further, Peddicord did not have to foresee injury specifically to Amanda, but rather, to any of the many students on the playground. In Cater v. City of Cleveland (1998), 83 Ohio St.3d 24, the Ohio Supreme Court held "reckless" means knowing or having reason to know a fact which would lead a reasonable man to realize that his conduct creates an unreasonable risk of physical harm to another, and the risk must be substantially greater than that which is necessary to constitute mere negligence. We find reasonable minds could differ on the issues of negligence, recklessness, and forseeability. For this reason, the trial court erred in granting summary judgment as matter of law. Both of the assignments of error are sustained in whole.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, J., WISE, P.J., and EDWARDS, J., concur.