WAMSLEY et al., Appellants,

v.

VILLAGE OF WEST JEFFERSON, Appellee.

[Cite as *Wamsley v. W. Jefferson* (2000), 139 Ohio App.3d 170.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA99–08–021.

Decided July 24, 2000.

*Monte C. White,* for appellants.

*Isaac, Brant, Ledman & Teetor, Mark Landes* and *Lance Chapin,* for appellee.

VALEN, Judge.

Plaintiffs-appellants, P.L. Wamsley and·Jerry Dhume, appeal a decision of the Madison County Court of Common Pleas granting summary judgment in favor of defendant-appellee, the village of West Jefferson. We affirm.

In January 1993, a massive grease jam blocked appellants' sanitary sewer lines and caused a backup into their respective basements on Crescent Drive in West Jefferson. Appellants filed suit against West Jefferson, alleging that it was negligent in failing to exercise reasonable care and practice preventative maintenance on its sewer lines.

The trial court found that West Jefferson's inspection policy and preventative maintenance program were based upon the type of sewer involved and the history of that particular sewer. Generally, West Jefferson did visual inspections of manholes only on problem sewer lines approximately every six months. Appel-

lants' residences were located on a sewer line that had never been the subject of any known problems, and therefore West Jefferson did not visually inspect the manholes on any regular basis. However, the program also incorporated regular checks by flow meter, including flow meters located on appellants' sewer line several hundred yards from their residences. Prior to the incident, West Jefferson had done a visual inspection of every manhole in 1990 and a television camera monitor inspection of all its sanitary sewer lines in 1981.

In a prior appeal to this court, West Jefferson appealed a decision of the trial court finding that West Jefferson was negligent without considering the issue of sovereign immunity. *Wamsley v. W. Jefferson* (Dec. 7, 1998), Madison App. No. CA98–02–005, unreported, at 7–8, 1998 WL 842814. We found that whether West Jefferson breached its duty of care was a question of fact for the jury. *Id.* at 12. We reversed and remanded the case back to the trial court to make the necessary finding of whether sovereign immunity under R.C. Chapter 2744 was applicable in this matter to preclude appellants' negligence claim. *Id.* at 13–14.

On remand, West Jefferson moved for summary judgment claiming immunity under R.C 2744.05(A)(5), and appellants filed a memorandum in opposition. In its May 4, 1999 decision, the trial court outlined the history of sovereign immunity and instructed the parties to file supplemental memoranda on the issue of immunity. After both parties filed memoranda, oral arguments were held. In a July 23, 1999 decision and entry, the trial court granted summary judgment in favor of West Jefferson, finding that it was immune from liability pursuant to R.C. 2744.03(A)(5).

Appellants appeal this decision, raising a single assignment of error:

"The trial court erred to the prejudice of plaintiff–appellant [*sic*] in sustaining defendants–appellees' [*sic*] motion for summary judgement [*sic*]."

Appellants challenge the trial court's determination that West Jefferson was immune from liability under R.C. 2744.03(A)(5). Appellants argue that genuine issues of material fact exist regarding whether West Jefferson's inspection policy is ministerial in nature or whether the inspection policy was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. Appellants therefore argue that West Jefferson is not entitled to immunity under R.C. 2744.03(A)(5).

The issue of whether sovereign immunity is applicable in a particular case is the proper subject of a summary judgment motion. *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 400, 596 N.E.2d 432, 435. Summary judgment is appropriate when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can

come to but one conclusion and that conclusion is adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936, 942–943, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65–66, 8 O.O.3d 73, 73–74, 375 N.E.2d 46, 46–48. *Franklin v. Columbus* (1998), 130 Ohio App.3d 53, 57–58, 719 N.E.2d 592, 593; Civ.R. 56(C). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273. Once the moving party meets its initial burden, the nonmoving party must produce evidence on any issue that the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274.

Our review of summary judgment is *de novo*. *White v. DePuy, Inc.* (1998), 129 Ohio App.3d 472, 477, 718 N.E.2d 450, 453. In applying a *de novo* standard of review for summary judgment rulings, we review the trial court's decision independently and without deference to the trial court's determination and follow the standards in Civ.R. 56(C). *Id.*

Pursuant to the Political Subdivision Tort Liability Act, R.C. Chapter 2744, the general rule is that political subdivisions are immune from liability for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision for acts classified as "governmental functions" or "proprietary functions." R.C. 2744.02(A)(1). It is undisputed that West Jefferson is a political subdivision as defined in R.C. 2744.01(F) and that the "maintenance, destruction, operation, and upkeep of a sewer system" is a proprietary function. R.C. 2744.01(G)(2)(d).

█ Significantly, the immunity afforded a political subdivision pursuant to R.C. 2744.02(A)(1) is not absolute, but is, by its express terms, subject to the five exceptions to immunity listed in R.C. 2744.02(B)(1) to (5).

The relevant exception to immunity in this matter provides that "political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). Recently, the Ohio Supreme Court extended the reach of this section, holding that "[p]ursuant to R.C. 2744.02(B)(2), a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property caused by *an act or omission of the political subdivision or any of its employees* in connection with the performance of a proprietary function." (Emphasis added.) *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 679 N.E.2d 1109, paragraph one of the syllabus.

However, political subdivisions are granted certain defenses and immunities to liability by R.C. 2744.03(A), including:

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

"* * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

R.C. 2744.03(A)(5) dictates that political subdivisions are not liable for injuries resulting from the exercise of judgment or discretion in determining how to use personnel and resources. *Perkins v. Norwood City Schools* (1999), 85 Ohio St.3d 191, 193, 707 N.E.2d 868, 870, citing *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 347–348, 632 N.E.2d 502, 504–505. See, also, *Kiep v. Hamilton* (May 19, 1997), Butler App. No. CA96–08–158, unreported, 1997 WL 264236 (finding that R.C. 2744.03[A][5] extends only to the "exercise of judgment or discretion" of a political subdivision, and not to the actions of employees of the political subdivision).

In the present case, West Jefferson contends that its inspection policy was based upon its discretion in using its allocation of financial and personnel resources, and therefore R.C. 2744.05(A)(5) precludes liability. The depositions of the mayor of West Jefferson, L. James Miles, and its public service director, Ron Collins, support West Jefferson's contentions that the inspection policy was based upon its limited personnel and financial constraints due to the cost of the operations in 1993. Collins's and Miles's testimony also shows that the overall policy was part of decisions made for West Jefferson by the mayor, public service director, and the public service committee with the approval of the village council.

Appellants have not presented any evidence to contradict West Jefferson's evidence that the acts or omissions alleged to be negligent by West Jefferson did not involve an exercise of judgment or discretion as contemplated by R.C. 2744.03(A)(5). Instead, appellants argue that the decision not to inspect every manhole on a regular basis is not a decision requiring the level of judgment or discretion contemplated in R.C. 2744.03(A)(5).

Specifically, appellants claim that West Jefferson has a "no inspection policy" that was a ministerial action, and therefore West Jefferson was not immune under R.C. 2744.03(A)(3) or (5). Appellants argue that West Jefferson's decision carrying out its policy of no inspection on certain manholes is similar to a decision that a bus driver made in deciding whether to pass a bicyclist in *Griner v. Minster Bd. of Edn.* (1998), 128 Ohio App.3d 425, 715 N.E.2d 226. We find that appellants' reliance on *Griner* is not applicable to the facts of this case.

■ It is important to note that in appellants' complaint there are no averments that any employee of West Jefferson acted negligently.[1] Appellants' negligence claim is that West Jefferson, itself, was negligent in failing to exercise reasonable care and preventative maintenance on its sewer system by not making visual inspections of appellants' sewer lines. See *Jolly v. Cleveland* (Mar. 12, 1998), Cuyahoga App. No. 72973, unreported, 1998 WL 108131. Accordingly, R.C. 2744.03(A)(3) is not applicable in this matter. See *Kiep* at 12.

■ The decision to forgo or have more visual inspections of certain sewer lines was an exercise of judgment and discretion in the use of West Jefferson's personnel and resources where immunity is found under R.C. 2744.03(A)(5). See *Perkins*, 85 Ohio St.3d at 193, 707 N.E.2d at 870. West Jefferson's judgement and exercise of discretion in how to use equipment, supplies, materials, personnel, facilities, and other financial resources was a collaborative decision by its mayor, public service director, and public service committee with the approval of the village council. The factors involved in determining the necessity of or frequency of visual inspections on every manhole included safety issues based upon the prior history of the sewer lines and the use of personnel and resources based upon engineering judgments and fiscal constraints. See *Smith v. Cincinnati Stormwater Mgt. Div.* (1996), 111 Ohio App.3d 502, 507–508, 676 N.E.2d 609, 612–613 (city remains immune from liability under R.C. 2744.03[A][5] when it exercises its judgment in determining how to allocate its limited financial resources in upgrading its sewer system despite a history of flooding). We therefore find that West Jefferson is immune from liability under R.C. 2744.05(A)(5) unless West Jefferson exercised its discretion with malicious purpose, bad faith, or in a wanton or reckless manner.

Appellants also argue that the "no inspection policy" was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. Appellants

---

1. Our review of the complaint reveals that appellants alleged a claim of negligence against West Jefferson and never alleged that West Jefferson acted with malicious purpose, in bad faith, or in a wanton or reckless manner. In addition, appellants never raised the issue of negligence pursuant to R.C. 2744.02(B)(2), or averred that any particular employee of West Jefferson acted negligently in its complaint or any other pleadings filed in the trial court.

claim that the no inspection policy was a willful act made with knowledge that sewer backup problems usually are the result of grease in the sewer lines.

However, appellants asserted their claim as one based upon negligence in their complaint and in their previous arguments before this court. See *Wamsley*, (Dec. 7, 1998), Madison App. No. CA98–02–005, unreported, 1998 WL 842814. Generally, Ohio courts have held that a complaint must contain factual allegations of malicious purpose, bad faith, wanton or reckless manner to survive a motion to dismiss or a motion for summary judgment for purposes of R.C. 2744.03(A)(5). *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186, 1187–1188; *Pequignot v. Adams Twp. Bd. of Trustees* (Sept. 28, 1998), Shelby App. No. 17–98–5, unreported, 1998 WL 667640.

Further, the evidence, at best, supports a claim of negligence and does not support a finding of malicious purpose, bad faith, or performance in a wanton or reckless manner. See *Parker v. Dayton Metro. Housing Auth.* (May 31, 1996), Montgomery App. No. 15556, unreported, 1996 WL 339935 (setting forth the requirements for malicious purpose, bad faith, wanton and reckless manner for purposes of R.C. 2744.03).

 Where, as here, the evidence in the record does not suggest a material factual issue on the question of whether West Jefferson's judgment or discretion was exercised with malicious purpose, bad faith, or in a wanton or reckless manner, it is perfectly proper to determine the case by means of summary judgment. *Marcum v. Talawanda City Schools* (1996), 108 Ohio App.3d 412, 418–419, 670 N.E.2d 1067, 1070–1071.

Based upon the foregoing, we find that the trial court did not err in granting summary judgment in favor of West Jefferson because there is no basis for imposing liability. R.C. 2744.03(A)(5) provides immunity for any negligence that could be attributed to West Jefferson. Accordingly, appellants' assignment of error is overruled.

*Judgment affirmed.*

POWELL, P.J., and WILLIAM W. YOUNG, J., concur.