[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, William and Nancy Leonard, appeal from a final judgment of the Trumbull County Court of Common Pleas granting appellees, the city of Warren ("the city") and the Warren City School Board of Education ("the board"), summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 4, 1997, Tiffany Foster ("Foster") failed to yield the right of way while exiting the Warren Harding High School parking lot and collided with a motorcycle driven by William Leonard, who was traveling southbound on Laird Avenue. As a result of the accident, appellants filed a complaint against appellees claiming that the city and the board had been negligent in creating a nuisance by failing to remove overgrown trees and foliage that allegedly obstructed Foster's view from the parking lot exit.
 {¶ 3} Appellees filed separate motions for summary judgment in which they argued, among other things, that appellants failed to provide any evidence that there was an obstruction preventing Foster from observing William Leonard's motorcycle before pulling out of the parking lot. Appellees also maintained that there was nothing in the record indicating that they had actual or constructive knowledge of a nuisance, and that despite this knowledge, they failed to remedy the problem. Alternatively, appellees submitted that they were entitled to statutory immunity under R.C. 2744.03(A)(5) as the decision to remove a tree or trim foliage was discretionary.[1]
 {¶ 4} After appellants filed a brief in opposition, the trial court considered the parties' respective arguments and granted both the city and the board summary judgment. From this decision, appellants filed a timely notice of appeal with this court. They now submit the following assignments of error for our review:
 {¶ 5} "[1.] The trial court erred to the prejudice of appellant[s] by granting summary judgment in favor of the city of Warren.
 {¶ 6} "[2.] The trial court erred to the prejudice of appellant by granting summary judgment in favor of the Warren City Schools Board of Education."
 {¶ 7} Because appellants' two assignments of error are interrelated, we will consider them together. Essentially, appellants argue that summary judgment was inappropriate as there are genuine issues of material fact with respect to whether appellees breached their duty to keep a public street free from nuisance. We disagree.
 {¶ 8} Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12.
 {¶ 9} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 10} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id.
 {¶ 11} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
 {¶ 12} Generally speaking, R.C. 2744.02(A)(1) provides that a political subdivision is not liable for injury, death, or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of the political subdivision. Franks v. Lopez,69 Ohio St.3d 345, 347, 1994-Ohio-487; Cobb v. Mantua Twp. Bd. ofTrustees, 11th Dist. No. 2000-P-0127, 2001-Ohio-8722, 2001 Ohio App. LEXIS 5662, at 9. The statute states:
 {¶ 13} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 14} Although R.C. 2744.02(A)(1) provides that a political subdivision is ordinarily not liable for damages incurred in the performance of governmental or proprietary functions, the immunity afforded a political subdivision is not absolute. Wamsley v. WestJefferson (2000), 139 Ohio App.3d 170, 173. R.C. 2744.02(B) enumerates five exceptions to the general grant of sovereign immunity. In particular, R.C. 2744.02(B)(3) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, [and] streets * * * within the political subdivision open, in repair, and free from nuisance * * *."
 {¶ 15} When determining a political subdivision's duty under R.C.2744.02(B)(3), "the focus should be on whether a condition exists within the political subdivision's control that creates a danger for ordinary traffic on the regularly travelled [sic] portion of the road."Manufacturer's Natl. Bank of Detroit v. Erie Cty. Road Comm. (1992),63 Ohio St.3d 318, 322. See, also, Harp v. Cleveland Hts.,87 Ohio St.3d 506, 511, 2000-Ohio-467. More specific to this case, "[a] permanent obstruction to a driver's visibility can be a nuisance which makes the usual and ordinary course of travel on the roadway unsafe." (Emphasis sic.) Manufacturer's Natl. Bank at 323. "This is particularly true where a driver, stopped at an intersection, is unable to see approaching cross-traffic." Id.
 {¶ 16} At trial, appellants had the burden of establishing that a roadway condition constituted a nuisance. Randolph v. Kaestel-Hansen
(Aug. 25, 1995), 11th Dist. No. 94-L-114, 1995 Ohio App. LEXIS 3492, at 6. In other words, appellants had to offer evidence that a permanent obstruction on Laird Avenue prevented Foster from seeing William Leonard's motorcycle as he approached the parking lot exit, and that appellees had actual or constructive knowledge of the obstruction.
 {¶ 17} As a result, once appellees informed the trial court of the basis for its motion for summary judgment and identified those portions of the record that demonstrated an absence of a genuine issue of material fact on the essential elements of appellants' claim, appellants were obligated to respond by offering evidence to show that there was an issue suitable for trial. Instead of offering such evidence, however, appellants argue that appellees, as the party seeking summary judgment, did not meet their initial burden of identifying those portions of the record demonstrating an absence of a genuine issue of material fact. In particular, appellants maintain that appellees did not provide any evidence that Foster was able to see William Leonard before pulling out of the parking lot; thus, they submit that there still is a question as to whether the trees and other foliage on Laird Avenue created an actionable nuisance.
 {¶ 18} After considering the record before us, we conclude that the trial court properly granted appellees summary judgment. Despite what appellants argue, appellees did refer to relevant portions of the record in support of their respective motions. Specifically, they each referred to a portion of William Leonard's deposition that was filed with the trial court in which he admitted that he observed Foster's vehicle stopped in the parking lot exit prior to the accident, and that the trees and foliage did not obstruct his view. Based on this testimony, appellees argued that because William Leonard could see Foster's vehicle, Foster should have been able to see William Leonard's motorcycle. Put another way, without evidence that Foster, for whatever reason, was unable to see William Leonard's motorcycle, there was no genuine issue of material fact concerning a permanent obstruction. Furthermore, the board provided an affidavit from its Executive Director of Business Operations, James A. Russo, in which he averred that he was unaware of any accidents at the parking lot exit leading to Laird Avenue prior to the one at issue here.
 {¶ 19} In response to this evidence, appellants submitted an affidavit from William Leonard in which he "states that, at the time of the collision, the view of drivers exiting the driveway of Warren Harding High School was obstructed by trees and bushes." Appellant's also attached pictures that were taken at the end of the parking lot exit looking in the direction from which William Leonard had been travelling.
 {¶ 20} These submissions, however, are simply insufficient to satisfy appellants' reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. An affidavit must be based on personal knowledge, Civ.R. 56(E), and there is nothing to indicate in William Leonard's affidavit how he determined what drivers exiting the parking lot could or could not see. This is important because William Leonard did not state that the view was totally obstructed. Also, the pictures submitted by appellants clearly show a vehicle traveling southbound on Laird Avenue, and that any obstruction was minimal.
 {¶ 21} As a result, there was no acceptable Civ.R. 56 evidence that Foster was unable to see William Leonard's motorcycle because of any permanent obstruction. Nor was there any evidence that Foster's view was actually blocked during the entire time she was in the process of leaving the parking lot. In fact, the evidence that the parties submitted during the summary judgment exercise actually demonstrates that Foster should have been able see William Leonard as he was travelling southbound on Laird Avenue. While Foster certainly could not see through a tree trunk, she could see before and after the trunk.
 {¶ 22} It is axiomatic that the borders of almost all roadways are interspersed with utility poles and trees, and that every such item creates a momentary blind spot to a certain extent. We also recognize that a motorist has a duty to use ordinary care when traveling on a public road. Andrews v. Davis (2000), 140 Ohio App.3d 707, 710. More to the point, R.C. 4511.44 specifically provides that a driver entering traffic from any place other than another roadway, such as a parking lot, must stop and yield to oncoming traffic. See, also, Gelbman v.Second Natl. Bank of Warren (1984), 9 Ohio St.3d 77, 80. The issue ultimately becomes whether the blind spot prevents a driver from exercising ordinary due care when operating a motor vehicle because it would be absurd to hold that the mere presence of trees and bushes, without more, constitutes a nuisance. Here, there is nothing in the record to suggest that Foster, as the person entering traffic, was unable to exercise the ordinary care required under these circumstances.
 {¶ 23} Thus, appellants did not present any competent, credible evidence that a person exiting the high school parking lot was unable to observe traffic traveling southbound on Laird Avenue. As a result, reasonable minds could not have differed regarding whether appellees negligently or willfully and wantonly failed to comply with R.C.2744.02(B)(3) by allowing foliage to obscure oncoming traffic.
 {¶ 24} Appellants' two assignments of error are not well-taken. The judgment of the trial court is, therefore, affirmed.
ROBERT A. NADER, J., concurs, WILLIAM M. O'NEILL, P.J., dissents with Dissenting Opinion.
[1] In response to appellees' claim of statutory immunity, appellants later amended their complaint to allege that appellees' failure to remove the overgrown trees and foliage constituted negligent and/or willful and wanton misconduct.