[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 359.]

LADRIGAN ET AL., APPELLANTS, *v.* CLERMONT COUNTY, OHIO SEWER AND WATER COMPANY, D.B.A. CLERMONT COUNTY WATERWORKS, APPELLEE.

[Cite as *Ladrigan v. Clermont Cty., Ohio Sewer & Water Co.*, 1998-Ohio-620.]

*Torts—Political subdivision liable in damages for injury, death, or loss to persons or property caused by an act of any of its employees in connection with the performance of a proprietary function—Establishment, maintenance, and operation of a municipal water supply system are proprietary functions.*

(No. 97-289—Submitted February 3, 1998—Decided April 8, 1998.)

APPEAL from the Court of Appeals for Clermont County, No. CA96-03-035.

————————————

*W. Kenneth Zuk*, for appellants.

*Donald W. White*, Clermont County Prosecuting Attorney, and *Mary Lynne Birck*, Assistant Prosecuting Attorney, for appellee.

————————————

{¶ 1} The judgment of the court of appeals is reversed, and the cause is remanded on the authority of *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 679 N.E.2d 1109. See, also, *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.* (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228; *Winwood v. Dayton* (1988), 37 Ohio St.3d 282, 525 N.E.2d 808; and *Bolding v. Dublin Local School Dist.* (June 15, 1995), Franklin App. No. 94APE09-1307, unreported, 1995 WL 360227.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**COOK, J., dissenting.**

**{¶ 2}** Because this case centers on an issue that was not even discussed let alone decided by the majority of this court in *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 679 N.E.2d 1109, I must respectfully dissent.

**{¶ 3}** This case involves application of a political subdivision's sovereign immunity defense under R.C. 2744.03(A)(5). *Hill*, on the other hand, did not involve any of the defenses available to political subdivisions under R.C. 2744.03(A); it simply held that a municipality's installation of water lines constituted a proprietary function under R.C. 2744.01(G)(2)(c), which brought the action within R.C. 2744.02(B)(2)'s exception to political subdivision immunity.

**{¶ 4}** Like this court in *Hill*, the court of appeals below concluded that "R.C. 2744.01(G)(2)(c) clearly defines '[t]he establishment, maintenance, and operation of a * * * municipal corporation water supply system' as a proprietary function. Thus, the proprietary exception to the general grant of immunity set forth in R.C. 2744.02(B)(2) applies to the case at bar." The court then diverged from the *Hill* issues to hold that summary judgment had appropriately been granted under R.C. 2744.03(A)(5). Specifically, the court concluded that "the affidavits attached by appellee to its motion for summary judgment show that the maintenance of water meters, including whether a water meter lid needs to be replaced or repaired, involves the exercise of judgment or discretion set forth in R.C. 2744.03(A)(5)."

**{¶ 5}** A reading of R.C. Chapter 2744 illustrates that R.C. 2744.02(A) provides a broad grant of tort immunity to political subdivisions, R.C. 2744.02(B) provides exceptions to that immunity, and R.C. 2744.03(A) provides defenses to political subdivisions where an exception to immunity applies. In this case, unlike *Hill*, it is the applicability of the R.C. 2744.03(A)(5) defense and not the R.C. 2744.02(B)(2) exclusion that is at issue.

**{¶ 6}** Moreover, the majority's citations to *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.* (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228, *Winwood v.*

*Dayton* (1988), 37 Ohio St.3d 282, 525 N.E.2d 808, and *Bolding v. Dublin Local School Dist.* (June 15, 1995), Franklin App. No. 94APE09-1307, unreported, 1995 WL 360227 do not save its disposition of this case. Neither Supreme Court opinion analyzes R.C. 2744.03(A)(5). While those opinions, along with *Bolding*, may be considered as persuasive authority in determining what should constitute the exercise of judgment or discretion within the meaning of R.C. 2744.03(A)(5), and thus prove helpful to a resolution of this case, they do nothing to explain why *Hill* should be considered controlling.

{¶ 7} By reversing this case on the authority of *Hill*, the majority seemingly refuses to acknowledge that the R.C. 2744.05(A)(5) defense is even *potentially* available to Clermont County. This disposition appears to signal that R.C. 2744.03(A)(5) may never serve as a defense to injury resulting from a proprietary act. With all due deference to my colleagues, that simply cannot be what they intend.

{¶ 8} Having accepted jurisdiction to review this case, we should decide it through analysis of the appropriate legal authority. The majority's failure to do so is unfortunate.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

————————————