This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Anita Giebner, appeals the decision of the Summit County Court of Common Pleas, granting summary judgment in favor of appellee, Summit County. We affirm in part and reverse in part.
The following are the facts construed most strongly in favor of Ms. Giebner. On October 30, 1999, Ms. Giebner was visiting her mother, who lived at 4978 Long Drive in Stow, Summit County, Ohio. While walking toward her car, Ms. Giebner tripped over a water valve box,[1] which protruded a few inches above ground level. As a result, Ms. Giebner was injured. The water valve box was located in her mother's front yard and was installed by Summit County in 1981. When it was installed, it protruded above ground level.
On February 23, 2001, Ms. Giebner filed a complaint in the Summit County Court of Common Pleas, claiming that Summit County negligently positioned and/or maintained a water valve box, thereby causing her injury. Summit County answered, asserting, inter alia, that it was immune from liability under R.C. Chapter 2744. On July 13, 2001, Summit County moved for summary judgment arguing that it was not negligent in its installation and maintenance of the water valve box and that the defense contained in R.C. 2744.03(A)(5) operated so as to make Summit County immune from liability. Ms. Giebner responded in opposition. On August 23, 2001, the trial court entered summary judgment in favor of Summit County, holding that Summit County was immune from liability pursuant to R.C. 2744.03(A)(5). This appeal followed.
Ms. Giebner asserts a single assignment of error for review:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
Ms. Giebner avers that the trial court erred in granting summary judgment in favor of Summit County. Specifically, she argues that the trial court erred in determining that Summit County was immune from liability pursuant to R.C. Chapter 2744. She further contends that, as Summit County was not immune from liability, summary judgment was improper because a genuine issue of material fact existed as to all elements of her negligence claim.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
R.C. Chapter 2744 governs tort liability for political subdivisions. Pursuant to R.C. 2744.02(A)(1), a political subdivision is generally immune from personal injury claims subject to certain statutory exceptions. Perkins v. Norwood City Schools (1999), 85 Ohio St.3d 191,192. R.C. 2744.02(A)(1) provides, in relevant part:
 Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
R.C. 2744.02(B) sets forth several exceptions to this broad grant of immunity. The exception relevant to this case is contained in R.C.2744.02(B)(2), which states that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Thus, pursuant to R.C.2744.02(B)(2), a political subdivision is liable for personal injury or property loss resulting from "an act or omission of the political subdivision or any of its employees in connection with the performance of a proprietary function." Hill v. Urbana (1997), 79 Ohio St.3d 130, paragraph one of the syllabus.
A proprietary function includes "[t]he establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system[.]" (Emphasis added.) R.C. 2744.01(G)(2)(c). The Ohio Supreme Court has held that "the `establishment, maintenance, and operation' of a municipal corporation water supply system encompasses, but is not limited to, the installing of water lines, equipment, and other materials which are a necessary part of the system and such activity is a proprietary function of a political subdivision." Hill, 79 Ohio St.3d at paragraph two of the syllabus. Based on this precedent, Summit County has conceded, and Ms. Giebner agrees, that Summit County was engaged in a proprietary function under R.C.2744.01(G)(2)(c) in operating a county water supply system.[2] See id.
If a plaintiff is able to show that a political subdivision is liable pursuant to a R.C. 2744.02(B) exception to the general broad grant of immunity, a political subdivision can still establish nonliability by demonstrating that one of the defenses set forth in R.C. 2744.03
applies. Perkins, 85 Ohio St.3d at 193. Summit County has raised the defense set forth in R.C. 2744.03(A)(5), which provides:
 The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."
Under this section, a political subdivision is not liable for injuries arising from the exercise of judgment or discretion in determining how to use resources and personnel, unless such discretion was exercised with malicious purpose, in bad faith, or in a reckless manner. Perkins,85 Ohio St.3d at 193. However, this exception applies only when the political subdivision's activities involve weighing alternatives and making public policy and planning choices characterized by a high degree of discretion and judgment. McNamara v. Rittman (1998), 125 Ohio App.3d 33,45-46. Considering these standards, we now turn to the present case.
 Maintenance of the Water Valve Box
Ms. Giebner avers that the trial court erred in finding that Summit County was immune from liability pursuant to R.C. 2744.03(A)(5) on her negligent maintenance of the water valve box claim. We disagree.
In its motion for summary judgment, Summit County contended that, assuming arguendo that it was negligent in its inspection and maintenance of the water valve box, it was still immune from suit under R.C.2744.03(A)(5) because the decision not to inspect or otherwise maintain the water valve box was clearly an exercise of discretion regarding how to use Summit County personnel, equipment, or facilities. To satisfy itsDresher burden, Summit County presented the affidavit of Thomas K. Harvey, an employee of the Summit County Department of Environmental Services, Sewer and Water Maintenance Division. Mr. Harvey testified that Summit County determined that it was unnecessary to use its personnel, equipment, or facilities to inspect the water valve boxes because, under normal conditions, such boxes require no maintenance. Additionally, all customers have been provided a customer service telephone number through which they can report service concerns. Significantly, Ms. Giebner does not claim that Summit County failed to respond to a specific repair request or complaint.
As Summit County met its Dresher burden, it became incumbent upon Ms. Giebner to point to evidence in the record tending to show that the decision not to inspect or otherwise maintain the water valve box did not result from the County's exercise of discretion on how to use Summit County resources and personnel. Ms. Giebner failed to do so. It is important to note that this case does not involve a decision as to whether to repair a box known to be in need of service, but rather, involves the County's high level policy decision not to dedicate personnel and resources to routinely inspecting boxes, which, under normal conditions, do not require maintenance. See Ladrigan v. Clermont Cty. (1998), 81 Ohio St.3d 359. Accordingly, we find that there is no genuine issue of material fact on this issue and that Summit County's decision not to routinely inspect or otherwise maintain the water valve boxes was based upon the exercise of judgment or discretion in determining how to use Summit County resources and personnel.
As previously discussed, if such discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner, Summit County would not be immune from liability under R.C. 2744.03(A)(5). Ms. Giebner has offered no evidence that Summit County exercised its discretion with malicious purpose, in bad faith, or in a wanton or reckless manner. Accordingly, viewing the evidence in a light most favorable to Ms. Giebner, we hold that the trial court properly granted Summit County's motion for summary judgment regarding Ms. Giebner's maintenance of the water valve box claim. Ms. Giebner's assignment of error is overruled in part.
 Installation of the Water Valve Box
Ms. Giebner also contends that the trial court erred in determining that Summit County was immune from liability pursuant to R.C. 2744.01 etseq. regarding her negligent installation of the water valve box claim. We agree.
As discussed supra, pursuant to R.C. 2744.02(B)(2), a political subdivision is liable for personal injury resulting from any negligent "act or omission of the political subdivision or any of its employees in connection with the performance of a proprietary function," unless one of the defenses enumerated in R.C. 2744.03 applies to establish nonliability. Hill, 79 Ohio St.3d at paragraph one of the syllabus. Summit County conceded that it was engaged in a proprietary function, but denied any negligence in its installation of the water valve box.
In order to sustain an action in negligence, a party must establish: (1) duty, (2) breach of the duty, and (3) an injury proximately caused by the breach. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77. In its motion for summary judgment, Summit County did not assert that it did not have a duty to exercise reasonable care in installing the water valve box or that there is not a genuine issue of material fact regarding whether Ms. Giebner's injuries were proximately caused by tripping over the water valve box; instead, Summit County focuses solely on breach of duty. Regarding this element, Summit County pointed to evidence in the record that the water valve box was installed flush or below ground level.[3] Ms. Giebner, however, countered by providing competent evidence that the water valve box was protruding a few inches above the ground at the time it was installed. Summit County has neither asserted nor provided any evidence that installing a water valve box a few inches above ground level, if it was so installed, was an appropriate or acceptable method of installation; rather, its argument rests upon the assertion that the box was installed below or level with the ground.
"[S]ummary judgment precludes a jury's consideration of a case and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion." Shaw v. Central Oil Asphalt Corp. (1981),5 Ohio App.3d 42, 44; Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1,2; Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12; Waterman v.Kitrick (1990), 60 Ohio App.3d 7, 10. Accordingly, construing the evidence most strongly in Ms. Giebner's favor, we conclude that reasonable minds could find that Summit County negligently installed the water valve box at issue. This matter, therefore, is not properly decided upon a motion for summary judgment.
As Summit County conceded that it was engaged in a proprietary function and there is a genuine issue of material fact as to whether Summit County negligently installed the water valve box, Summit County may be held liable pursuant R.C. 2744.02(B)(2), unless the R.C. 2744.03(A)(5) defense applies. Ms. Giebner argues that it was error for the trial court to hold that Summit County was immune under R.C. 2744.03(A)(5) on the grounds that the installation/placement of the box involved its discretion in how to use Summit County resources and personnel. Viewing the evidence most strongly in favor of Ms. Giebner, the evidence shows that the water valve box was protruding a few inches above ground level at the time of installation. Summit County, however, did not point to portions of the record showing that the alleged manner in which the water valve box was installed was the result of it exercising its discretion on how to use supplies, materials, personnel, or other resources. See R.C. 2744.03(A)(5). Therefore, unlike Summit County's policy decision not to dedicate limited personnel and resources to the routine inspection of the water valve boxes after installation, the county's decision to properly install a water valve box does not involve a high degree of discretion in how to use personnel or resources under the circumstances of this case. See Perkins,85 Ohio St.3d at 193; McNamara, 125 Ohio App.3d at 45-46; Ladrigan,supra. Consequently, we find that the trial court should not have granted summary judgment on Ms. Giebner's negligent installation claim based upon the defense contained in R.C. 2744.03(A)(5).
Based on the foregoing, we conclude that the trial court improperly granted summary judgment in favor of Summit County on Ms. Giebner's negligent installation of the water valve box claim. Ms. Giebner's assignment of error is sustained in part.
 Conclusion
Ms. Giebner's assignment of error is sustained in part and overruled in part. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
CARR, J. CONCURS.
[1] Water valve boxes are normally used to turn off water flow to a particular structure in case of an emergency or for non-payment of water bills.
[2] Neither party has challenged the trial court's determination that Summit County was engaged in a proprietary function under R.C.2744.01(G)(2)(c), even though Summit County was operating a county water supply system, while the statute refers to a "municipal corporation water supply system[.]" (Emphasis added.) While R.C. 2744.01(G)(2)(c) sets forth a nonexclusive list of covered utilities, none of the utilities listed, except the water supply system, is modified by the term "municipal." Nevertheless, as the parties have conceded that Summit County is engaged in a proprietary function, we need not address the issue on appeal. Accordingly, the parties' concession has no precedential impact on this issue in future cases. Furthermore, we express no opinion as to the merits of such a claim had it been raised.
[3] Ms. Giebner challenged this evidence on the basis that the portion of the affidavit dealing with the installation of the water valve box was not based upon Mr. Harvey's personal knowledge, as he was not an employee of Summit County at the time the water valve box was installed. See Civ.R. 56(E). As this court must construe the facts most strongly in favor of Ms. Giebner and Ms. Giebner provided competent evidence that the box was protruding above the surface when it was installed, we need not discuss whether the aforementioned portion of Mr. Harvey's affidavit was evidence not competent to support a motion for summary judgment under Civ.R. 56(E).